2000 ND 218

Michael P. DAVENPORT, Petitioner and Appellant,

v.

STATE of North Dakota, Respondent and Appellee.

No. 20000148.

Supreme Court of North Dakota.

Dec. 21, 2000.

Paul H. Myerchin, Bismarck, ND, for petitioner and appellant; submitted on brief.

Bruce A. Romanick, Assistant State's Attorney, Bismarck, ND, respondent and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1] Michael P. Davenport appeals an order denying his petition for post-conviction relief. We affirm.

I

[¶ 2] On July 14, 1997, Michael P. Davenport was charged with two counts of gross sexual imposition ("GSI"). The complaint was amended to include two additional counts of GSI. On July 17, 1997, Davenport made an appearance on the amended complaint. Although the maximum prison time for the offenses was outlined, Davenport was not told about the registration requirement for sexual offenders. On August 11, 1997, the State filed a second amended complaint including six additional counts of GSI. On September 15, 1997, Davenport was arraigned at a preliminary hearing on ten counts of GSI. Again, the registration requirement was not mentioned when the court explained the punishment provisions.

[¶ 3] On November 3, 1997, Davenport appeared in trial court requesting to change his plea pursuant to a plea agreement entered with the State. The agreement dismissed three of the counts from the information and required Davenport to enter pleas to five class B felonies and two class A felonies. The plea agreement included ten years' imprisonment in the state penitentiary, three years suspended on each count, and the sentences on the seven counts to run concurrently. Davenport pled guilty to seven counts of GSI. The court ordered a presentence investigation, including a sexual evaluation.

[¶ 4] The trial court sentenced Davenport on January 5, 1998. During the sentencing hearing, the prosecutor mentioned the registration requirement as a condition of probation. The court asked Davenport if he had any additions or corrections to the presentence investigation report, which included a notation that Davenport was required to register as a sex offender as a condition of probation. The court reviewed the conditions of probation with Davenport, specifically mentioning the registration requirement. The criminal judgment states Davenport is required to register as a sex offender.

[¶ 5] Davenport petitioned for post-conviction relief, alleging he was not aware of the registration requirement when he entered his guilty plea and seeking to withdraw his plea. After an evidentiary hearing, the trial court concluded Davenport was aware of the registration requirement and denied Davenport's petition. Davenport appeals.

II

[¶ 6] Davenport argues the trial court abused its discretion in denying his petition for post-conviction relief seeking withdrawal of his guilty plea because he was not aware of the sex offender registration requirement as a consequence of his plea.

▊ [¶ 7] An applicant's petition to withdraw a guilty plea under the Uniform Post-conviction Procedure Act generally is treated as a motion to withdraw a plea

under Rule 32(d), N.D.R.Crim.P. *Abdi v. State,* 2000 ND 64, ¶ 10, 608 N.W.2d 292. Under Rule 32(d), N.D.R.Crim.P., a defendant cannot withdraw a guilty plea unless withdrawal is necessary to correct a manifest injustice. *Abdi,* at ¶ 10. A manifest injustice may be the result of procedural errors made by the sentencing court. *Abdi,* at ¶ 10. The determination of whether a manifest injustice exists is within the trial court's discretion and will be reversed on appeal only for an abuse of discretion. *Id.* at ¶ 10. An abuse of discretion under Rule 32(d), N.D.R.Crim.P., occurs when the trial court's legal discretion is not exercised in the interests of justice. *Id.* at ¶ 10.

[¶ 8] Under Rule 11(b), N.D.R.Crim.P.:

> The court may not accept a plea of guilty without first, by addressing the defendant personally . . . in open court, informing the defendant of and determining that the defendant understands the following: . . . [t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

The trial court advisement required by Rule 11(b), N.D.R.Crim.P. is mandatory. *Abdi,* 2000 ND 64, ¶ 12, 608 N.W.2d 292. Although Rule 11(b) does not require the trial court's advice to follow ritualistic, predetermined formality, the court must substantially comply with the procedural requirements of the rule to ensure the defendant is entering a voluntary guilty plea. *Abdi,* at ¶ 12; *see also State v. Schumacher,* 452 N.W.2d 345, 346 (N.D.1990) ("The purpose of the procedure outlined in Rule 11(b) is to ensure that the defendant is fully aware of the consequences of a guilty plea before he enters his plea.").

[¶ 9] Davenport argues the trial court did not comply with Rule 11(b)(2), N.D.R.Crim.P., because Davenport was not aware of the sex offender registration requirement resulting from his guilty plea before he entered his plea, and the registration requirement is a consequence of his guilty plea.

[¶ 10] In *State v. Burr,* 1999 ND 143, ¶ 36, 598 N.W.2d 147, we held the sex offender registration requirement is a collateral consequence upon conviction. *See also Burr v. Snider,* 234 F.3d 1052 (8th Cir.2000). Although a defendant must be informed of all direct consequences of a guilty plea, he need not be advised of collateral consequences. *State v. Dalman,* 520 N.W.2d 860, 863 (N.D.1994); *Houle v. State,* 482 N.W.2d 24, 30 (N.D.1992). Consequently, the trial court was not required to inform Davenport of the registration requirement before he entered his guilty plea. The trial court advised Davenport of the maximum possible punishment Davenport faced, and there was no mandatory minimum sentence. Thus, the trial court complied with Rule 11(b), N.D.R.Crim.P. We conclude the trial court did not abuse its discretion in denying Davenport's motion to withdraw his guilty plea.

### III

[¶ 11] We affirm the order denying Davenport's motion for post-conviction relief.

[¶ 12] VANDE WALLE, C.J., and SANDSTROM, JJ., concur.

KAPSNER, Justice, concurring.

[¶ 13] Given the holding of the majority in *State v. Burr,* 1999 ND 143, 598 N.W.2d 147, I am compelled to concur in the result.

[¶ 14] MARING, J., concurs.