2004 ND 152

**Ronald R. ERNST, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20030330.**

Supreme Court of North Dakota.

July 22, 2004.

Rehearing Denied Aug. 31, 2004.

Monty G. Mertz, Fargo, N.D., for petitioner and appellant; submitted on brief.

Trent W. Mahler, Assistant State's Attorney, Fargo, N.D., for respondent and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1]   Ronald R. Ernst appeals from the trial court's judgment dismissing his application for post-conviction relief.   On appeal, Ernst argues the trial court erred in finding he failed to prove his claims of ineffective assistance of counsel.   We affirm.

I

[¶ 2]   On October 28, 2002, Ernst pled guilty to burglary, stalking, two counts of theft of property, disorderly conduct, criminal mischief, and indecent exposure.   The charges resulted, in part, from a search of Ernst's home in Richfield, Minnesota, conducted by Minnesota police officers executing a Minnesota search warrant authorized by a Minnesota judge.   At sentencing, the State recommended five years' imprisonment with two years suspended.   After informing Ernst that the State's recommendation was nonbinding, the trial court

sentenced him to eight years' imprisonment, with three years suspended for the first six charges. The court also sentenced Ernst to one additional year of imprisonment for the indecent exposure charge.

[¶ 3] Ernst applied for post-conviction relief on January 10, 2003, claiming his guilty plea was involuntary because he had received ineffective assistance of counsel. In his application, Ernst asked to withdraw his guilty plea and proceed anew, or, alternatively, requested the trial court to sentence him to eight years' probation and require him to attend and complete a sex offender treatment program and pay restitution and probation fees.

[¶ 4] After holding an evidentiary hearing, the trial court found Ernst failed to provide sufficient evidence to substantiate his claims of ineffective assistance of counsel. The trial court dismissed Ernst's application for post-conviction relief.

## II

[¶ 5] Ernst argues the trial court's finding he failed to provide sufficient evidence to support his claim of ineffective assistance of counsel is clearly erroneous. Ernst asserts his guilty plea was involuntary as a result of ineffective assistance of counsel and the outcome clearly would have been different with effective counsel. According to Ernst, his counsel was ineffective because (1) his attorney erroneously failed to move to suppress evidence, (2) he misunderstood the consequences of his guilty plea, (3) his attorney coerced him into accepting the guilty plea by erroneously advising Ernst of the potential maximum sentence he could receive, and (4) the evidence against Ernst was circumstantial.

▪ [¶ 6] The petitioner for post-conviction relief has the burden of establishing a basis for relief. *Berlin v. State*, 2000 ND 206, ¶ 7, 619 N.W.2d 623. As we

held in *Garcia v. State*, 2004 ND 81, ¶ 6, 678 N.W.2d 568 (citation omitted):

Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this court. However, a trial court's findings of fact in actions for post-conviction relief will not be disturbed unless clearly erroneous, pursuant to N.D.R.Civ.P. 52(a).

"A finding of fact is clearly erroneous if, although there may be some evidence to support it, the reviewing court on the entire evidence, is left with a definite and firm conviction a mistake has been made." *State v. Causer*, 2004 ND 75, ¶ 31, 678 N.W.2d 552.

▪ [¶ 7] "A defendant may not withdraw an accepted guilty plea unless withdrawal is necessary to correct a manifest injustice, and a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea." *McMorrow v. State*, 2003 ND 134, ¶ 5, 667 N.W.2d 577 (citation omitted). When determining the validity of a guilty plea, "[t]he longstanding test ... is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Houle v. State*, 482 N.W.2d 24, 26 (N.D.1992) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). When counsel represents the defendant during a plea process and the defendant relies on counsel's advice when entering his plea, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, at 56, 106 S.Ct. 366 (quoting *McMann v. Richard-*

*son,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

[¶ 8] "The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Article I, § 12 of the North Dakota Constitution guarantee a criminal defendant effective assistance of counsel." *Garcia,* 2004 ND 81, ¶ 5, 678 N.W.2d 568. A defendant has a fundamental right to counsel during all critical stages of the prosecution, under the Sixth Amendment. *See, e.g., Iowa v. Tovar,* ⸺ U.S. ⸺, ⸺, 124 S.Ct. 1379, 1383, 158 L.Ed.2d 209 (2004). "The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres." *Id.*

[¶ 9] "Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight." *Garcia,* 2004 ND 81, ¶ 5, 678 N.W.2d 568. The petitioner has the heavy and demanding burden of proving the counsel's assistance was ineffective and must specify how the counsel was deficient and specify the probable different result. *McMorrow,* 2003 ND 134, ¶ 10, 667 N.W.2d 577. A petitioner will not succeed on an ineffective assistance of counsel claim unless he proves counsel's performance was so deficient as to fall below an objective standard of reasonableness and the deficient performance was prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Garcia,* 2004 ND 81, ¶ 5, 678 N.W.2d 568. Generally, to meet the prejudice prong of the *Strickland* test, the defendant must "establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." *Syvertson v. State,* 2000 ND 185, ¶ 22, 620 N.W.2d 362.

[¶ 10] In *Hill v. Lockhart,* 474 U.S. at 58, 106 S.Ct. 366, the United States Supreme Court applied the two-part *Strickland* test to challenges of guilty pleas based on ineffective assistance of counsel. Within the context of guilty pleas, the first prong of *Strickland* remains the same. *Id.* The defendant must show counsel's performance was deficient. *See id.* However, to satisfy the second prong of the test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. 366; *Abdi v. State,* 2000 ND 64, ¶ 29, 608 N.W.2d 292.

1.

Motion to Suppress

[¶ 11] Ernst contends he received ineffective assistance of counsel based on his attorney's failure to challenge the warrant search of his Minnesota home, the fruits of which led to several charges against him. According to Ernst, counsel "could have filed a motion to suppress, the outcome of which is unknown." Failure to file pretrial motions, by itself, does not equate to ineffective assistance of counsel. *See State v. Kroeplin,* 266 N.W.2d 537, 542 (N.D.1978) (holding, "[d]efendant's counsel on appeal claims that defendant's court-appointed counsel at trial initiated no pretrial discovery or motions.... However, defendant's counsel ... has neither alleged nor established specifically the area in which no preparation was made or how the lack of preparation, if any, prejudiced defendant's case.").

[¶ 12] Ernst has failed to demonstrate any legal theory that would require suppression of the evidence obtained during the Minnesota search, nor has he established that, had counsel moved to suppress, a reasonable probability exists that he would not have pled guilty. *See Mathre v. State,* 2000 ND 201, ¶ 3, 619 N.W.2d 627 (holding, "the defendant must

demonstrate with specificity how and where trial counsel was incompetent and the probable different result"). According to Ernst, the outcome of such a motion is 'unknown.' "Ineffective-assistance-of-counsel claims for counsel's failure to move to suppress evidence at a suppression motion hearing must be premised on actual, not possible, prejudice to the defendant." *Damron v. State*, 2003 ND 102, ¶ 18, 663 N.W.2d 650. The trial court did not err in finding Ernst did not meet his burden to establish counsel was ineffective for failing to move to suppress the evidence.

2.

Consequences of Guilty Plea

■■■ [¶ 13] Ernst contends he received ineffective assistance of counsel because he misunderstood the consequences of his guilty plea. However, a review of the record negates any claims that Ernst misunderstood the consequences of his guilty plea. During the sentencing hearing, the trial court thoroughly engaged Ernst in a colloquey during which the trial court ascertained that Ernst understood the potential length of his sentence, the nonbinding nature of the State's sentencing recommendation, his right to plead not guilty, and admitted no other promises or representations had been made concerning his guilty plea. In this colloquey, Ernst also admitted he was satisfied with his attorney's representation.

The Court: Mr. Ernst, I'm gonna ask you some questions and have you answer them out loud. . . . Now, they apply to all these counts except where I indicate otherwise. Okay.

[Ernst]: Yes.

\* \* \* \*

The Court: Did you hear and understand the constitutional rights that the Court read you on an earlier date?

[Ernst]: Yes, I did.

The Court: Do you understand the nature of these charges, burglary, stalk-

ing, theft of property, I think another count of theft of property, disorderly conduct, criminal mischief and indecent exposure?

[Ernst]: Yes, I did.

The Court: And you understand, sir, you have the right to plead guilty or not guilty to these charges as you wish?

[Ernst]: Yes.

The Court: Okay. All right. And have you or your attorney had any conversations . . . with the State's Attorney's office regarding recommendations or plea bargains?

[Counsel]: We are aware of the State's recommendation, Your Honor.

The Court: Okay. You understand, sir, that a recommendation is just that and I do not have to follow a recommendation?

[Ernst]: Yes, I do.

The Court: Okay. You understand if you plead guilty that you will be waiving your right to any trial proceedings of any kind and also your right to cross-examine those witnesses who would have taken that stand and testified against you if you had gone to trial?

[Ernst]: Yes.

The Court: Has anybody promised you anything else or threatened you in any way or attempted to use force against you to get you to enter a guilty plea here today?

[Ernst]: No.

The Court: And are you satisfied with your attorney's representation to this point in the proceedings?

[Ernst]: Yes.

[¶ 14] Based on this record, Ernst has not shown that he misunderstood the consequences of a guilty plea.

### 3.

#### Coercion

[¶ 15] Ernst contends he was coerced by his attorney's erroneous advice that, if found guilty of all charges, he could receive more than 14 years' imprisonment. There is no testimony, other than Ernst's own statements, showing Ernst received such advice. In addition, Ernst fails to demonstrate how this potential sentence is legally incorrect. On appeal, we "will only decide issues that have been thoroughly briefed and argued." *State v. Backlund,* 2003 ND 184, ¶ 38, 672 N.W.2d 431. The trial court did not err in failing to find counsel provided ineffective assistance with regard to informing him of the potential maximum sentence.

### 4.

#### Circumstantial Evidence

[¶ 16] Ernst contends the evidence against him was circumstantial, and he could have prevailed at trial. Ernst fails, in any way, to show how this fact, if it is a fact, manifested itself as advice from his attorney that influenced his decision to plead guilty. On appeal, this Court "will only decide issues that have been thoroughly briefed and argued." *Backlund,* 2003 ND 184, ¶ 38, 672 N.W.2d 431. Therefore, Ernst's argument is without merit.

### III

[¶ 17] The trial court did not err in dismissing Ernst's petition for post-conviction relief based on its finding Ernst failed to provide sufficient evidence to substantiate his claims of ineffective assistance of counsel. We affirm.

[¶ 18] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.