2006 ND 122

**Robert L. JOHNSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20060010.**

Supreme Court of North Dakota.

June 1, 2006.

Robert L. Johnson, pro se, Jamestown, N.D., petitioner and appellant; submitted on brief.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., for respondent and appellee; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Robert Johnson appeals a district court judgment dismissing his application for post-conviction relief, denying his motion to amend his application for post-conviction relief, and denying his request for appointment of counsel. In his application, Johnson claims his trial attorney's representation was ineffective. He also seeks to amend his application to add a claim that his guilty plea was not entered intelligently, knowingly, and voluntarily. Johnson argues the district court erred when it granted the State's motion to amend its response to add the affirmative defense of laches. Holding that the doctrine of laches may be used as a defense in post-conviction proceedings and that Johnson was not denied effective assistance of counsel, we affirm.

I

[¶ 2] In 1996, Johnson pled guilty to endangering by fire. His plea was entered after the North Dakota State Hospital conducted a forensic evaluation finding that Johnson "did not lack the substantial capacity to comprehend the harmful nature or consequences of [his] conduct" and that he was fit to proceed in the case.

[¶ 3] In June 2005, Johnson applied for post-conviction relief. He argued, among other things, his counsel's representation was ineffective because the attorney did not request a second, independent mental evaluation. Johnson also requested a lawyer be appointed to represent him. The State moved to summarily dismiss the petition, arguing Johnson presented no genuine issues of fact in the case. The district court granted the State's motion before Johnson had an opportunity to respond.

On appeal, this Court reversed in part, ordering Johnson be given an opportunity to respond to the State's motion. *Johnson v. State*, 2005 ND 188, 705 N.W.2d 830.

[¶ 4] On remand, Johnson responded to the State's motion for summary dismissal. He also renewed his request for counsel and moved to amend his petition for post-conviction relief. In his motion to amend his petition, Johnson wished to abandon his previous grounds for relief, except ineffective assistance of counsel, and to add a claim that his guilty plea was not made intelligently, knowingly, and voluntarily, as a result of mental incompetence, and was therefore invalid. The State resisted these motions, arguing that an appointment of counsel was not necessary because his petition had no merit and that the motion to amend was untimely. The State also moved to amend its response to Johnson's petition, claiming laches as a defense to Johnson's petition. The district court granted the State's request to amend its response. The district court dismissed Johnson's petition for post-conviction relief, denied his motion to amend his petition, and denied his request for counsel.

[¶ 5] On appeal, Johnson argues the district court abused its discretion when it dismissed his motion to amend his petition, contending laches does not apply to petitions for post-conviction relief, and the district court erred when it denied his petition for post-conviction relief without having made sufficient findings. The State argues the district court resolved the motions properly.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 29–32.1–03. Johnson's appeal was timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

II

[¶ 7] Johnson argues the district court erred when it denied his motion to amend his petition and granted the State's motion to amend its answer on a laches rationale. "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure." *Garcia v. State*, 2004 ND 81, ¶ 6, 678 N.W.2d 568. Rule 15(a), N.D.R.Civ.P., provides, "a party's pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "A decision on a motion to amend a pleading under N.D.R.Civ.P. 15(a) is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion." *Sec. Nat'l Bank v. Wald*, 536 N.W.2d 924, 928 (N.D.1995). A motion to amend may be denied if the proponent has unnecessarily delayed. *Crosby v. Sande*, 180 N.W.2d 164, 171 (N.D.1970). "Although not binding, federal court interpretations of a corresponding federal rule of civil procedure are highly persuasive in construing our rule." *Thompson v. Peterson*, 546 N.W.2d 856, 860 (N.D.1996). As the United States Supreme Court noted in *Foman v. Davis*, undue delay may justify a denial of a motion to amend. 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

[¶ 8] Rule 8(c), N.D.R.Civ.P., provides for the affirmative defense of laches. "Laches is a delay or lapse of time in commencing an action that works a disadvantage or prejudice to the adverse party because of a change in conditions during the delay." *Williams County Soc. Servs. Bd. v. Falcon*, 367 N.W.2d 170, 174 (N.D. 1985).

[¶ 9] For post-conviction relief, N.D.C.C. § 29–32.1–03(2) provides: "An

application may be filed at any time." In the past, this Court has said that although laches may not be considered a defense to a constitutional attack of a conviction, long delays may be considered when deciding whether the defendant's claims have merit:

> While laches will not bar an attack upon a judgment of conviction as being void on constitutional grounds, the long delay in challenging validity, during which the prosecuting attorney and sentencing judge died, may be considered as bearing on the question of waiver, the credibility of the petitioner's assertions, and the inferences that he seeks to draw from the showing that he has made.

*State v. O'Neill,* 117 N.W.2d 857, 863 (N.D. 1962). As Justice Sand noted, however, in *State v. Lueder,* the statute "seems to allow the filing of an application without regard to the time that may have elapsed since the conviction." 252 N.W.2d 861, 871 (N.D.1977) (Sand, J., concurring specially). Justice Sand warned that if this were permitted, the State could be put in a position in which it could not defend against a petition for post-conviction relief. *Id.* He reasoned that either a legislative amendment imposing a time limit or the court's application of the affirmative defense of laches would be appropriate. *Id.*

[¶ 10] The literal reading of N.D.C.C. § 29–32.1–03(2) allows a post-conviction petitioner to *file* an application at any time. As our current caselaw notes, however, an application may be denied if it is untimely. *O'Neill,* 117 N.W.2d at 863. By way of analogy, we will outright dismiss an appeal when it is filed after the deadline. *See* N.D.R.App.P. 4(d) ("A notice of appeal must be filed with the clerk of district court within 60 days of service of notice of entry of the judgment or order being appealed."). Therefore, although the statutes governing post-conviction procedures do not provide for a time

bar allowing outright *dismissal* of an application for post-conviction relief, N.D.C.C. § 29–32.1–03(2) does not bar *denial* of an application if it is the product of undue delay.

[¶ 11] The Rhode Island Supreme Court recently decided a case involving Rhode Island's post-conviction relief statute and the affirmative defense of laches. *Raso v. Wall,* 884 A.2d 391, 395 (R.I.2005). As the court concluded, allowing petitions for post-conviction relief at any time without a reasonableness rule would lead to an absurd result:

> Section 10–9.1–3 provides that "An application [for postconviction relief] may be filed at any time." Although on its face, this language provides that there is no statutory limitation on the time in which an applicant may file an application for postconviction relief, the existence of such language does not preclude the application of the doctrine of laches. In our judgment, it would be absurd to read "at any time" as constituting a limitless "Open Sesame" in which an applicant could file an application for postconviction relief at literally any time without weight being given to the possible prejudice to the state wrought by the passage of time. Accordingly, we construe the statutory term as meaning at any *reasonable* time.

*Id.* We are persuaded by the Rhode Island Supreme Court's reasoning.

[¶ 12] Other jurisdictions have applied either laches or a diligence rule to post-conviction cases. *See United States v. Darnell,* 716 F.2d 479, 480 (7th Cir.1983) ("There is no apparent reason why the same equitable considerations that prompted revision of the Rules Governing [28 U.S.C.] § 2254 and § 2255 Cases to incorporate the doctrine of 'laches' should not apply with equal force to Rule 32(d) motions."); *Gaulke v. State,* 296 Minn. 487,

206 N.W.2d 652, 652 (1973) ("We hold that the district court properly denied the petition on the ground that petitioner, who knew about the allegedly newly discovered evidence in late 1946 and yet did not petition for relief on that basis until 1971, did not act with due diligence in seeking relief."); *McElrath v. State*, 276 S.C. 282, 277 S.E.2d 890, 890 (1981) ("We concur with the trial judge's finding that laches bars appellant's claim for collateral relief from a conviction and sentence now more than twenty years old.").

[¶ 13] A laches defense alone does not destroy legitimate post-conviction applications for convictions that occurred many years in the past, because laches requires more than mere delay. *Williams County Soc. Servs. Bd.*, 367 N.W.2d at 174; *Oliver v. United States*, 961 F.2d 1339, 1342 (7th Cir.1992). The State must prove, by a preponderance of the evidence, that (1) the petitioner has unreasonably delayed in seeking relief, and that (2) the delay has prejudiced the State. *Williams County Soc. Servs. Bd.*, at 174; *Kirby v. State*, 822 N.E.2d 1097, 1100 (Ind.Ct.App. 2005). "A petitioner can seldom be found to have unreasonably delayed unless he or she has knowledge of a defect in the conviction." *Kirby*, 822 N.E.2d at 1100 (citing *McCollum v. State*, 671 N.E.2d 168, 170 (Ind.Ct.App.1996)); *see also Diocese of Bismarck Trust v. Ramada, Inc.*, 553 N.W.2d 760, 767 (N.D.1996) ("In addition to the passage of time, parties against whom a claim of laches is sought to be invoked must be actually or presumptively aware of their rights and must fail to assert those rights against parties who in good faith changed their position and cannot be restored to their former state."). For prejudice, the State must show that it is unlikely to be able to re-prosecute:

[P]rejudice exists when the unreasonable delay operates to materially dimin-

ish a reasonable likelihood of successful re-prosecution. *Armstrong [v. State]*, 747 N.E.2d [1119,] 1120 [ (Ind.2001) ]. "The inability to reconstruct a case against a petitioner is demonstrated by unavailable evidence such as destroyed records, deceased witnesses, or witnesses who have no independent recollection of the event." *Taylor v. State*, 492 N.E.2d 1091, 1093 (Ind.Ct.App. 1986). The State has an obligation to use due diligence in its investigation of the availability of evidence and witnesses. *McCollum [v. State]*, 671 N.E.2d [168,] 172 [ (Ind.Ct.App.1966] ) (quotations omitted).

*Kirby*, 822 N.E.2d at 1100.

[¶ 14] Laches prevents a litigant from raising issues the litigant unreasonably delayed claiming through a failure to exercise due diligence. *Williams County Soc. Servs. Bd.*, 367 N.W.2d at 174; *Kirby*, 822 N.E.2d at 1100. The logic of preventing claims that are stale because of undue delay is implicit in N.D.C.C. § 29–32.1–12(2), which provides for the misuse-of-process affirmative defense:

A court may deny relief on the ground of misuse of process. Process is misused when the applicant:

a. Presents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding; or

b. Files multiple applications containing a claim so lacking in factual support or legal basis as to be frivolous.

*See also Clark v. State*, 1999 ND 78, ¶ 23, 593 N.W.2d 329 ("misuse of process under N.D.C.C. ch. 29–32.1 occurs (1) if the defendant has inexcusably failed to raise an issue in a proceeding leading to judgment of conviction and now seeks review in a first application for post-conviction relief;

(2) if the defendant inexcusably fails to pursue an issue on appeal which was raised and litigated in the original trial court proceedings, and finally, (3) if a defendant inexcusably fails to raise an issue in an initial post-conviction application") (internal citations omitted). Laches and misuse of process both require a litigant to raise issues in a proper, timely fashion. *Compare Kirby*, 822 N.E.2d at 1100, *with Clark*, at ¶ 23.

[¶ 15] We are persuaded that laches is a proper defense to prevent abuse of post-conviction proceedings. We hold that laches is a defense the State may use in defending against applications for post-conviction relief. For the defense to prevail, the State must prove, by a preponderance of the evidence, that (1) the petitioner has unreasonably delayed in seeking relief, and that (2) the delay has prejudiced the State. *Williams County Soc. Servs. Bd.*, 367 N.W.2d at 174; *Kirby*, 822 N.E.2d at 1100. To the extent our past cases hold to the contrary, including *State v. O'Neill*, 117 N.W.2d 857, 863 (N.D.1962), they are overruled.

[¶ 16] The district court granted the State's motion to amend its answer but denied Johnson's petition for post-conviction relief and motion to amend the petition. In its memorandum opinion, the district court stated:

> As pointed out by the State's brief, issues that could reasonably have been raised on prior occasions, such as the case here, are not and should not be allowed when the opportunity to raise them was readily available at a prior time and the defendant either chose not to raise them or failed to raise them through his own neglect. In other words, Mr. Johnson has waited too long to raise the issues he now seeks to present.

[¶ 17] Johnson waited eight and a half years to challenge his guilty plea, claiming ineffective assistance of counsel. He waited another half year before challenging his plea as not having been made intelligently, knowingly, and voluntarily. Johnson knew his mental condition was an issue at the time he pled guilty, but delayed bringing his application for eight and a half years. Therefore, the State has met the first prong of laches—unreasonable delay as a result of Johnson's lack of diligence.

[¶ 18] As to prejudice, the record reflects that the judge who took the plea and sentenced Johnson in 1996 has died and that Dr. Dennis Kottke, who performed the psychiatric evaluation, appears to be no longer available. Therefore, the State's ability to defend against the petition for post-conviction relief and potentially against an insanity defense at trial have been materially diminished, and the State has been prejudiced. The district court did not abuse its discretion when it allowed the State to amend its answer to allege the defense of laches, and it did not abuse its discretion when it denied Johnson's motion to amend his petition as untimely.

### III

[¶ 19] Johnson argues the district court erred when it summarily dismissed his petition for post-conviction relief. Johnson claims his counsel's representation was ineffective because his counsel did not move for a second, independent mental evaluation. Section 29–32.1–09(1), N.D.C.C., allows for summary disposition when the petition presents no genuine issues of material fact. When a petition for post-conviction relief is summarily denied, this Court applies the same review used for summary judgments, with all inferences drawn in fa-

vor of the nonmoving party. *Heyen v. State*, 2001 ND 126, ¶ 6, 630 N.W.2d 56.

[¶ 20] "To succeed on a claim for ineffective assistance of counsel, a petitioner must prove counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him." *Garcia*, 2004 ND 81, ¶ 5, 678 N.W.2d 568 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). For the first element, counsel's representation is objectively measured by prevailing professional norms. *Id.* The petitioner has a heavy burden to meet because counsel's performance is presumed to be reasonable, and courts attempt to avoid the effects of hindsight. *DeCoteau v. State*, 2000 ND 44, ¶ 8, 608 N.W.2d 240 (citing *Lange v. State*, 522 N.W.2d 179, 181 (N.D.1994)). To meet the second element of prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

[¶ 21] We have held that a psychiatric evaluation is not deficient merely because a State Hospital employee has conducted it. *State v. Norman*, 507 N.W.2d 522, 524 (N.D.1993). In *Norman*, we concluded the district court did not err by denying a second evaluation, and a defendant could not shop around until he or she found a favorable conclusion. *Id.* The North Dakota Court of Appeals followed *Norman* when it concluded Johnson could not sustain a petition for post-conviction relief for ineffective assistance of counsel when counsel did not move for a second evaluation on a separate criminal charge. *Johnson v. State*, 2005 ND APP 8, ¶ 12, 700 N.W.2d 723.

[¶ 22] In his criminal case, Johnson was entitled to one competent evaluation at public expense. That evaluation was completed by Dr. Kottke of the North Dakota State Hospital. Counsel's actions did not fall below an objective standard of reasonableness, because Johnson was entitled to and received one evaluation.

[¶ 23] Johnson argues the district court's memorandum opinion does not meet the requirement of N.D.C.C. § 29–32.1–11(1) that the district court make explicit findings of fact and conclusions of law, thus resulting in reversible error. The district court's memorandum opinion was one and a half pages long. The court does state that Johnson's claims of ineffective assistance of counsel and of an involuntary guilty plea were both unreasonably delayed and without merit. The record of this case demonstrates that the lack of more specific findings of fact and conclusions of law was harmless. *See State v. Raulston*, 2005 ND 212, ¶ 19, 707 N.W.2d 464 ("While we do not encourage district courts to engage in such a 'minimalist' approach, we conclude based on the record before us that the failure to make more explicit findings and conclusions was harmless error."). The district court's summary dismissal of Johnson's petition for post-conviction relief is affirmed.

### IV

[¶ 24] The judgment of the district court is affirmed.

[¶ 25] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.