2015 ND 35

**Stacy PELTIER, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20140178.

Supreme Court of North Dakota.

Feb. 12, 2015.

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

Erin M. Conroy, Bottineau, ND, for petitioner and appellant; submitted on brief.

Stephenie L. Davis, State's Attorney, Cavalier, ND for respondent and appellee; submitted on brief.

KAPSNER, Justice.

[¶ 1] Stacy Peltier appeals from a district court order denying his post-conviction relief petition. Because Peltier failed to establish a genuine issue of material fact regarding his claims and the district court did not abuse its discretion in determining that withdrawing Peltier's pleas was not necessary to correct a manifest injustice, we affirm the district court's order.

I

[¶ 2] In May 1993, under a plea agreement, Peltier pled guilty to eighteen burglary counts stemming from burglaries in eight North Dakota counties. The trial court accepted his pleas and sentenced him to five years for each count with the time to run concurrently. He did not file a direct appeal on that criminal case, and after serving his sentence, he was released in November 1996. He has since been convicted of federal crimes, he is currently incarcerated, and he claims his federal sentence was enhanced due to his prior state convictions.

[¶ 3] In January 2013, seeking to mitigate the federal sentencing enhancements, Peltier filed a post-conviction relief petition, arguing his state conviction was obtained in violation of the Fifth, Sixth, and Fourteenth Amendments, his rights under N.D.R.Crim.P. 11 were violated, he received ineffective assistance of counsel, and the trial court failed to properly combine his cases causing him to be prejudiced. The district court summarily denied his petition.

II

[¶ 4] On appeal, Peltier argues the district court erred in denying his post-conviction relief petition and erred in finding the State established the affirmative defense of laches.

[¶ 5] "This Court reviews an appeal from a summary dismissal of post-conviction relief as it would review an appeal from summary judgment." *Overlie v. State,* 2011 ND 191, ¶ 6, 804 N.W.2d 50. A district court may summarily dismiss a post-conviction relief petition if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

[¶ 6] Under current law, a post-conviction relief application "must be filed within two years of the date the conviction becomes final." N.D.C.C. § 29–32.1–01(2). This provision was added to N.D.C.C. ch. 29–32.1 and became effective on August 1, 2013. 2013 N.D. Sess. Laws ch. 248. Because Peltier's application was filed January 2013, the prior version of the chapter applies and this provision does not bar his application.

III

[¶ 7] Peltier argues the district court erred in denying his petition because the

trial court violated N.D.R.Crim.P. 11 by failing to establish a sufficient factual basis for his guilty pleas and failing to find they were entered voluntarily. He contends the judgment must be reversed because his pleas were constitutionally invalid, and the pleas must be vacated.

[¶ 8] "When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. 11(d)." *Mackey v. State*, 2012 ND 159, ¶ 11, 819 N.W.2d 539. This Court has stated:

> When a court has accepted a plea and imposed sentence, the defendant cannot withdraw the plea unless withdrawal is necessary to correct a manifest injustice. The decision whether a manifest injustice exists ... lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion.

*Id.* A court abuses its discretion by not allowing a defendant to withdraw a guilty plea when the court erred by failing to establish a sufficient factual basis for the plea. *Id.*

### A

[¶ 9] Peltier argues the district court erred in denying his petition because the trial court violated Rule 11 by not establishing a sufficient factual basis for his pleas. He argues the trial court did little more than ask if he "entered the establishments and 'did these things,' " the requisite state of mind was never established, and the record is lacking in details, specifications, and evidence of the crimes.

[¶ 10] At the time of his sentencing, N.D.R.Crim.P. 11(e) (1993) stated, "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment of dispositional order upon such plea without making such inquiry as shall satisfy if that there is a factual basis for the plea." The ideal way to establish a factual basis for a guilty plea is for the court to ask the defendant to state in his own words what he did that he believes constitutes the crime to which he is pleading guilty, but that is not the only method. *Mackey*, 2012 ND 159, ¶ 12, 819 N.W.2d 539. The court may question the defendant, the prosecution or defense counsel, inquire into the presentence report, or conclude a factual basis exists from anything appearing on the record. *Id.* at ¶¶ 12–13.

[¶ 11] In *Mackey*, this Court concluded, after reviewing the record, there was sufficient reason for the trial court to have established a valid factual basis for the plea. 2012 ND 159, ¶ 15, 819 N.W.2d 539. The record, including the criminal information, testimony at the sentencing hearing, and the transcript from the hearing, established a sufficient factual basis. *Id.* None of the typical means for establishing a factual basis were utilized; however, this Court determined the trial court did not err by failing to use such processes. *Id.* at ¶ 16.

[¶ 12] Although it is not required to directly question a defendant regarding the factual basis for his guilty plea, the trial court in this case did directly address Peltier regarding the factual basis for his pleas. *See Mackey*, 2012 ND 159, ¶ 9, 819 N.W.2d 539 (noting trial court did not err by not directly questioning defendant regarding the factual basis for his guilty plea). The trial court also mentioned its notes and prior hearings, acknowledging its familiarity with the case. Like in *Mackey*, the trial court reviewed and considered the entire record. We conclude the trial court established a sufficient factual basis for Peltier's pleas, and the district court did not err in determin-

ing Peltier had failed to meet his burden of establishing an issue of material fact for this claim.

### B

[¶ 13] Peltier argues the district court erred in denying his petition because the trial court failed to ensure his pleas were made knowingly, voluntarily, and intelligently.

[¶ 14] "A guilty plea must be entered knowingly, intelligently, and voluntarily to be valid." *State v. Blurton*, 2009 ND 144, ¶ 10, 770 N.W.2d 231. A defendant who pleads guilty upon counsel's advice "may only attack the voluntary and intelligent character of the guilty plea." *Damron v. State*, 2003 ND 102, ¶ 9, 663 N.W.2d 650.

[¶ 15] At the time of Peltier's sentencing, N.D.R.Crim.P. 11(c) (1993)[1] stated, in pertinent part: "The court shall not accept a plea of guilty without first, by addressing the defendant personally ... in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement."

[¶ 16] The trial court did not specifically address Peltier personally regarding the voluntariness of his pleas, but the transcript reflects it reaffirmed it had previously advised him of his rights at a prior hearing and asked whether Peltier wanted to waive a reading of those advisements:

THE COURT: You pleaded not guilty to a Pembina County matter and at that time I explained to you your rights as a criminal defendant. Did I not do that?

THE DEFENDANT: Yes.

THE COURT: And is it necessary to explain his rights on each of those cases, Mr. Trenbeath? Or will you waive any

further indication from the Court as to what his rights are?

MR. TRENBEATH: Your Honor, I believe my client will agree with me when I say we will waive reading any advisement of rights. Is that correct, Stacy?

THE DEFENDANT: Yes.

[¶ 17] "The trial court advisement required by Rule 11(b), N.D.R.Crim.P. is mandatory." *Davenport v. State*, 2000 ND 218, ¶ 8, 620 N.W.2d 164. Although Rule 11(b) does not require the trial court to follow a "ritualistic, predetermined formality, the court must substantially comply" with the rule's procedural requirements to ensure a voluntary guilty plea is entered. *Id.* However, "[a]t a change of plea hearing, a trial court is not required to readvise a defendant of each of his rights under N.D.R.Crim.P. 11(b), if the court determines the defendant previously was properly advised of those rights and recalls the advice." *Abdi v. State*, 2000 ND 64, ¶ 15, 608 N.W.2d 292; *see also State v. Gunwall*, 522 N.W.2d 183, 185 (N.D.1994).

[¶ 18] Here, the trial court reaffirmed it had previously explained Peltier's rights as a criminal defendant at a previous hearing. Although we do not have the transcript from that previous hearing, Peltier affirmed on the record the trial court had, in fact, done so. In addition, the trial court inquired whether Peltier wanted to waive a reading of those advisements which Peltier agreed to. The district court did not acknowledge the significance of that colloquy, but simply stated "it does not appear that the trial court fully complied" with Rule 11. Ultimately, the district court determined withdrawing Peltier's pleas was not necessary to correct a manifest injustice.

1. N.D.R.Crim.P. 11(c) (1993) is substantially similar to the current N.D.R.Crim.P. 11(b)(2).

[¶ 19] While a manifest injustice may result from a sentencing court's procedural errors, determining whether such an injustice exists for the purpose of withdrawing a guilty plea lies within the court's discretion, and it will not be reversed on appeal unless there is an abuse of discretion. *Abdi*, 2000 ND 64, ¶ 10, 608 N.W.2d 292. An abuse of discretion occurs when "the court's legal discretion is not exercised in the interests of justice." *Id.* We conclude the district court did not abuse its discretion in determining that withdrawing Peltier's pleas was not necessary to correct a manifest injustice.

## IV

[¶ 20] Peltier also argues the district court erred in determining he did not have ineffective counsel at his change of plea hearing.

[¶ 21] "The petitioner for post-conviction relief has the burden of establishing a basis for relief." *Ernst v. State*, 2004 ND 152, ¶ 6, 683 N.W.2d 891. Post-conviction relief proceedings are civil in nature and the North Dakota Rules of Civil Procedure govern. *Id.* Whether a petitioner received ineffective counsel is a mixed question of law and fact and is fully reviewable on appeal; however, a district court's findings of fact will not be disturbed on appeal unless clearly erroneous. *Id.* An attorney's conduct is presumed reasonable. *Id.* at ¶ 9. "[C]ourts must consciously attempt to limit the distorting effect of hindsight." *Laib v. State*, 2005 ND 187, ¶ 9, 705 N.W.2d 845.

[¶ 22] Petitioners have the burden of proving counsel's aid was ineffective, and they must specify how their counsel was deficient and the probable different result. *Ernst*, 2004 ND 152, ¶ 9, 683 N.W.2d 891. A claim will fail unless the petitioner proves counsel's performance fell below an "objective standard of reasonableness and the deficient perform-

ance was prejudicial." *Id.* Usually, to meet the prejudice prong, a reasonable probability must be established that, but for counsel's errors, the proceedings' result would have been different. *Id.* However, in the guilty plea context, the second prong changes. *See id.* at ¶ 10. Thus, because Peltier entered a guilty plea, to satisfy the second prong, he must show that, but for his counsel's errors, there is a reasonable probability he would not have entered a guilty plea and would have insisted on going to trial. *See id.*

[¶ 23] The district court determined Peltier did not present or identify any evidence to support his broad allegations, and without more, it would "not second guess defense strategy through hindsight, nor will this Court presume there is support for these conclusory statements when no evidence is offered to support them." On appeal, Peltier argues his counsel failed to sufficiently establish there was a sufficient factual basis for his pleas and that his pleas were knowing and voluntary and his counsel never advised him that his guilty pleas could result in enhancement for any potential federal charges.

[¶ 24] In *State v. Dalman*, this Court held that "[d]efendants need not be informed of all collateral consequences of guilty pleas." 520 N.W.2d 860, 863 (N.D.1994). Because there are numerous collateral and remote consequences of pleading guilty, this Court in *Dalman* determined defense counsel are not required to inform their clients of "every conceivable nuance of pleading guilty." *Id.* at 864. Although *Dalman* may not remain good caselaw, *see State v. Garge*, 2012 ND 138, ¶¶ 11–12, 818 N.W.2d 718 (overruling *Dalman*), at the time Peltier entered his guilty plea, his counsel was not required to inform him of every conceivable nuance of pleading guilty. Ineffective assistance of counsel is measured at the time of performance. Peltier has raised no evidence

that shows he can meet the first prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[¶ 25] Peltier did not provide sufficient evidence to support his allegation of ineffective assistance of counsel. His prior counsel negotiated a plea agreement with favorable terms. Peltier has not attempted to articulate a rationale, under the prejudice prong of *Strickland*, why he would have rejected the negotiated plea agreement and insisted on going to trial in multiple counties, facing possible uncoordinated penalties. Instead, this petition was brought, nearly 20 years after he was sentenced and released, because he has since been convicted of federal crimes and his federal sentence was enhanced due to his prior state convictions. The district court did not err in determining Peltier failed to meet his burden of establishing there are material issues of fact relevant to both prongs required to establish ineffective assistance of counsel.

## V

[¶ 26] Peltier also argues the district court erred by finding the State established the affirmative defense of laches.

[¶ 27] "Laches is a delay or lapse of time in commencing an action that works a disadvantage or prejudice to the adverse party because of a change in conditions during the delay." *Johnson v. State*, 2006 ND 122, ¶ 8, 714 N.W.2d 832. In *Johnson*, this Court held the State may raise laches as a defense in defending post-conviction relief applications. *Id.* at ¶ 15. Although N.D.C.C. § 29–32.1–03(2) states a post-conviction relief application "may be filed at any time," this Court has previously stated long delays may be considered when deciding whether the defendant's claims have merit. *See id.* at ¶ 9. "A laches defense alone does not destroy legitimate post-conviction applications for convictions that occurred many years in the past, because laches requires more than mere delay." *Id.* at ¶ 13. The State must prove, by a preponderance of the evidence, "(1) the petitioner has unreasonably delayed in seeking relief, and that (2) the delay has prejudiced the State." *Id.* "A petitioner can seldom be found to have unreasonably delayed unless he or she has knowledge of a defect in the conviction." *Id.* To meet the prejudice prong, the State must show it is unlikely to be able to reprosecute. *Id.*

[¶ 28] In *Johnson*, Johnson waited over eight years to challenge his guilty plea, claiming ineffective assistance of counsel. 2006 ND 122, ¶ 17, 714 N.W.2d 832. Although Johnson was aware of the alleged defects when he pled guilty, he delayed filing his application for over eight years. *Id.* This Court determined the State had met the first prong of laches, unreasonable delay, as a result of Johnson's lack of diligence. *Id.* This Court also determined the State's ability to defend against the petition was materially diminished, causing the State to be prejudiced, because the record reflected that the judge who took Johnson's plea and sentenced him had died, and the doctor who performed the psychiatric evaluation was no longer available. *Id.* at ¶ 18.

[¶ 29] When laches is properly raised and supported, it presents a question of fact and is inappropriate for a district court to decide on summary judgment. *Lindsey v. State*, 2014 ND 174, ¶ 14, 852 N.W.2d 383. "Whether or not laches bars a claim must be determined by examining the underlying facts and circumstances of each particular case." *Id.* This Court noted in *Lindsey* that the district court made findings of fact on the State's laches defense to support the summary disposition on all of Lindsey's claims; whereas, in *Johnson*, the matter involved the district court's exercise of discretion in amending post-conviction relief pleadings.

*Lindsey,* at ¶ 14. This Court concluded in *Lindsey* that the district court erred in making factual findings on the State's defense of laches and in summarily dismissing Lindsey's post-conviction petition on that ground. *Id.* However, this Court also noted it would not set aside a correct result merely because the district court's reasoning was incorrect, if the results would be the same under correct law and reasoning. *Id.* at ¶ 15. Because the State in *Lindsey* moved for summary disposition, Lindsey was put to her proof, the burden shifted to her to support her petition with evidence raising a genuine issue of material fact, and she had to produce such evidence to avoid summary disposition. *Id.* Ultimately, this Court concluded she failed to establish a genuine issue of material fact regarding her claims. *Id.* at ¶ 1.

[¶ 30] Here, the district court determined the only claim that would entitle Peltier to post-conviction relief was the trial court's failure under N.D.R.Crim.P. 11(c) to ensure his plea was entered voluntarily, and the rest of his claims had no merit. The district court ultimately summarily denied Peltier's petition, concluding the State had established both prongs of the defense of laches and withdrawing the pleas was not necessary to correct a manifest injustice.

[¶ 31] Like in *Lindsey,* the district court made factual findings on the State's laches defense to support its summary disposition of Peltier's claims, and a district court generally errs in making factual findings regarding a laches defense and summarily dismissing a post-conviction petition on that ground. *See Lindsey,* 2014 ND 174, ¶ 14, 852 N.W.2d 383. While laches is ordinarily a question of fact which is inappropriate for summary judgment, the issue becomes one of law if the evidence is such that reasonable minds could draw but one conclusion. *See id.* (noting laches is a question of fact); *see also Long v. Jaszczak,* 2004 ND 194, ¶ 17, 688 N.W.2d 173 ("Only when the evidence is such that reasoning minds could draw but one conclusion does the fact question become a question of law for which summary judgment may be appropriate.").

[¶ 32] The district court held both elements of laches were established as a matter of law under the facts of this case. Peltier unreasonably delayed in seeking relief, and that delay has prejudiced the State. Peltier did not raise a material question of fact regarding the State's defense of laches. Peltier was aware of the alleged rule violations at his sentencing, but delayed filing his post-conviction petition for nearly two decades, after he had already served his sentence and been released. It would be prejudicial to the State to re-prosecute because the case involved eight different counties and the co-operation of several state's attorneys, some of whom are no longer practicing law in North Dakota, and it is likely the records and evidence have not been maintained or retained in their former offices after nearly twenty years. We agree.

## VI

[¶ 33] Because Peltier failed to establish a genuine issue of material fact regarding his claims and the district court did not abuse its discretion in determining withdrawing Peltier's pleas was not necessary to correct a manifest injustice, we affirm the district court's order.

[¶ 34] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, and DALE V. SANDSTROM, JJ., concur.

DANIEL J. CROTHERS, J., concurs in the result.