Per Curiam.
 

 [¶ 1] Adolfo Contreras-Castillo appealed an order denying his motion to withdraw his guilty plea. Contreras-Castillo argues the district court erred in its decision, claiming that during the change of plea hearing, the court did not advise him of immigration consequences before accepting his guilty plea.
 

 [¶ 2] In March 2016, Contreras-Castillo was charged with murdering his brother. At his initial appearance, the district court advised him of his rights, including the immigration consequences of a guilty plea or a finding of guilt. Contreras-Castillo stated he understood his rights, the charges against him, and the maximum penalties. In August 2016, Contreras-Castillo pled guilty to the crime. At the change of plea hearing, the court questioned Contreras-Castillo about the earlier advisement on his rights, and Contreras-Castillo stated he understood those rights and waived a rereading of the rights. In June 2017, Contreras-Castillo moved to withdraw his guilty plea. After a hearing, the court denied his motion, concluding he was advised of consequences related to immigration.
 

 [¶ 3] On review of the entire record, we conclude Contreras-Castillo was properly advised of his rights, including the immigration consequences of a conviction. Contreras-Castillo stated he understood those rights and waived a rereading of the rights at the change of plea hearing. The district court did not abuse its discretion in denying Contreras-Castillo's motion to withdraw his guilty plea. We summarily affirm under N.D.R.App.P. 35.1(a)(4) and (7).
 
 See
 

 Peltier v. State
 
 ,
 
 2015 ND 35
 
 , ¶ 17,
 
 859 N.W.2d 381
 
 (At a change of plea hearing, a district court is not required to readvise a defendant of each of his rights under N.D.R.Crim.P. 11(b), if the court finds the defendant previously was properly advised of those rights and recalls the advice.).
 

 [¶ 4] Gerald W. VandeWalle, C.J.
 

 Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen