# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 189

Jody Lynn Kuntz,                                    Petitioner and Appellant

v.

State of North Dakota,                          Respondent and Appellee

## No. 20220053

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Laura C. Ringsak, Bismarck, ND, for petitioner and appellant; submitted on brief.

Stephenie L. Davis, State's Attorney, Manning, ND, for respondent and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Jody Kuntz appealed from a district court order denying her application for post-conviction relief. On appeal, Kuntz argues new evidence shows she was incompetent when she entered guilty pleas and she should be allowed to withdraw her pleas. We affirm.

I

[¶2]   Kuntz was charged with criminal mischief and criminal trespass. Before trial, Kuntz pled guilty to both charges and was sentenced according to a negotiated agreement. Kuntz subsequently filed an application for post-conviction relief seeking to withdraw her guilty pleas. Kuntz argued there is new evidence to show she was incompetent at the time she entered her guilty pleas and it would be a manifest injustice if she were unable to withdraw her guilty pleas.

[¶3]   Kuntz testified she was unaware she had been in a manic state during her change of plea hearing and she did not understand at the time what she was agreeing to and what she was waiving by taking the plea deal. Kuntz filed a report from a psychiatric evaluation. The physician who performed the evaluation concluded Kuntz was likely suffering from a mental disease at the time of the plea hearing, but she was capable of understanding the nature of her acts were criminal. The State provided testimony from Kuntz's attorney for the change of plea hearing. Her attorney testified he discussed with Kuntz the change of pleas and she did not exhibit any signs that she did not understand or that she was suffering from a mental condition. The district court denied her motion for post-conviction relief finding Kuntz was competent when she made her pleas and there was not a manifest injustice requiring withdrawal of her pleas.

## II

[¶4]  Kuntz argues she provided new evidence which shows she was incompetent when she entered her guilty pleas and she should be permitted to withdraw her guilty pleas and proceed to trial on the charges.

> An application for post-conviction relief, where a defendant is seeking to withdraw a guilty plea, is treated as a request under N.D.R.Crim.P. 11(d). After a court has accepted a guilty plea and imposed a sentence, a defendant cannot withdraw a plea unless withdrawal is necessary to correct a manifest injustice. The burden is on the defendant to prove a manifest injustice exists. N.D.R.Crim.P. 11(d)(2). The court has discretion in finding whether a manifest injustice necessitating the withdrawal of a guilty plea exists, and we review the court's decision for abuse of discretion. An abuse of discretion under N.D.R.Crim.P. 11(d) occurs when the court's legal discretion is not exercised in the interest of justice.

*Dodge v. State*, 2020 ND 100, ¶ 13, 942 N.W.2d 478 (internal citations omitted).

## A

[¶5]  Kuntz argues she was not competent to enter a plea during the change of plea hearing. Whether a defendant is competent to enter a plea is a question of fact, and a district court's finding on the issue will not be set aside unless clearly erroneous. *Dodge*, 2020 ND 100, ¶ 14. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Id*. (quoting *State v. Dahl*, 2010 ND 108, ¶ 6, 783 N.W.2d 41).

[¶6]  We previously outlined the standard to determine if a defendant is competent in *State v. Gleeson*:

> It has long been held the conviction of a mentally incompetent accused is a violation of constitutional due process. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The United States Supreme Court has summarized the test

2

for determining if an accused is mentally competent to stand trial. *Id*. A defendant is incompetent when he lacks (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or (2) "a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402, 80 S.Ct. 788. This test is essentially codified at section 12.1-04-04, N.D.C.C., which states: "No person who, as a result of mental disease or defect, lacks capacity to understand the proceedings against the person or to assist in the person's own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures."

2000 ND 205, ¶ 9, 619 N.W.2d 858. The crux of being able to "consult with a lawyer with a reasonable degree of rational understanding" is being able to "confer coherently with counsel and provide necessary and relevant information to formulate a defense." *State v. VanNatta*, 506 N.W.2d 63, 65, 68 (N.D. 1993).

[¶7]   We have previously recognized that the district court may rely upon the defendant's demeanor and the defendant's responses to questions asked in court to determine the defendant was competent. *State v. Storbakken*, 246 N.W.2d 78, 81 (N.D. 1976). We have also held that when a district court is faced with conflicting testimony regarding a defendant's competency, "[c]onflicts in testimony [are] resolved in favor of affirmance, as we recognize the trial court is in a superior position to assess credibility of witnesses and weigh the evidence." *Dahl*, 2010 ND 108, ¶ 8 (quoting *State v. Tollefson*, 2003 ND 73, ¶ 9, 660 N.W.2d 575).

[¶8]   The district court found Kuntz to have been competent at the time she entered her pleas of guilty. The finding was based in part on its own observations, including its own recollection of the change of plea hearing as well as the audio recording of the proceedings. The court found Kuntz had responded clearly to the questions asked by the court and was aware enough of the proceedings to indicate she would prefer to see Appendix A before she promised to comply with it. The court noted there were interactions with Kuntz subsequent to her guilty pleas during which the court was concerned about her competency, but her demeanor during recent hearings, when she was receiving

3

treatment for her mental health, was similar to her demeanor during the change of plea hearing. The court further found she appeared organized and was well-spoken during its interactions with her.

[¶9] The district court made specific findings regarding the report of the psychiatric evaluation provided by Kuntz. Although the evaluation concluded Kuntz was likely suffering from a mental disease beginning July 1, 2019 through April 26, 2021, the evaluation concluded, "In sum, at the time of the alleged crimes, Ms. Kuntz did not lack the substantial capacity to comprehend the harmful nature of the consequences of the conduct charged." We have recognized the "presence of a mental illness does not [per se] equate with incompetency to stand trial." *Dodge*, 2020 ND 100, ¶ 15 (quoting *VanNatta*, 506 N.W.2d 63, 68 (N.D. 1993)).

[¶10] The district court also addressed the interactions Kuntz had with her counsel. The court was presented with conflicting testimony on Kuntz's ability to coherently confer with her attorney. Kuntz testified she was in a manic state on the date of the plea hearing and was unable to understand the plea agreement. Her attorney testified he had no concerns that Kuntz did not understand the plea agreement and if those concerns would have been present he would not have allowed Kuntz to enter the pleas. The court found the attorney's testimony more persuasive.

[¶11] The district court provided clear findings supporting its ultimate finding Kuntz was competent when she pled guilty. The court provided a summary of its observations during the change of plea hearing and subsequent interactions with Kuntz, addressed the evaluation materials provided by Kuntz, and considered the testimony of Kuntz and her prior attorney regarding her competency. After reviewing the findings and the record we conclude the court's finding that Kuntz was competent is not clearly erroneous. The findings were not induced by an erroneous view of the law, are supported by evidence within the record, and we are not left with a definite and firm conviction a mistake has been made.

4

## B

[¶12] Kuntz also argues there is a manifest injustice which requires her to withdraw her guilty pleas. "The decision whether a manifest injustice exists . . . lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion." *Peltier v. State*, 2015 ND 35, ¶ 8, 859 N.W.2d 381 (quoting *Mackey v. State*, 2012 ND 159, ¶ 11, 819 N.W.2d 539). The burden is on the defendant to prove a manifest injustice necessitating the withdrawal of a guilty plea exists, and we review the court's decision for abuse of discretion. *State v. Howard*, 2011 ND 117, ¶ 3, 798 N.W.2d 675 (citing *Eaton v. State*, 2011 ND 35, ¶ 5, 793 N.W.2d 790). A district court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law. *State v. Lium*, 2008 ND 33, ¶ 20, 744 N.W.2d 775 (citing *State v. Feist*, 2006 ND 21, ¶ 22, 708 N.W.2d 870; *State v. Farrell*, 2000 ND 26, ¶ 8, 606 N.W.2d 524).

[¶13] Kuntz argues the psychological evaluation she offered is new evidence that establishes she was in a manic phase from July 2019 through April 2021, which was during the time period when she entered her guilty pleas, and therefore there is a manifest injustice if the district court permits the pleas to stand. Kuntz contends it would be a manifest injustice not to allow her to withdraw her guilty pleas. At the core of her argument is that she lacked the competency to commit criminal acts. After referencing many of the same findings the district court had made with regard to her competency at the time of the plea hearing, the court determined Kuntz had failed to provide sufficient evidence to demonstrate it would be a manifest injustice to not allow her to withdraw her guilty pleas. Based on the evidence in the record, the court did not act in an arbitrary, unreasonable, or capricious manner, or misinterpret or misapply the law. We conclude the district court did not abuse its discretion in determining Kuntz has failed to demonstrate it would be a manifest injustice not to allow her to withdraw her pleas.

## III

[¶14] The district court's finding that Kuntz was competent at the time she entered her pleas of guilty is not clearly erroneous. The court did not abuse its

5

discretion in determining Kuntz had not established the withdrawal of her pleas is necessary to correct a manifest injustice. We affirm the district court's order.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte