LARRABEE v SACHS

Docket No. 146775. Submitted June 4, 1993, at Lansing. Decided
   August 2, 1993, at 9:45 A.M. Leave to appeal sought.

Linda Larrabee brought a paternity action in the Oakland Circuit
   Court against Ralph Sachs. The court, Fred M. Mester, J.,
   granted an order compelling the defendant to appear for the
   taking of his deposition. The defendant appealed by leave
   granted, alleging violation of his right to due process and the
   right against self-incrimination.

   The Court of Appeals *held:*

   1. Paternity actions are considered to be fundamentally civil
   in nature, not quasi-criminal. Procedure in paternity actions is
   governed by MCR 3.212.

   2. The protection against compulsory self-incrimination pro-
   vided under US Const, Ams V and XIV and Const 1963, art 1,
   § 17 does not entitle the defendant to refuse to give any
   testimony in a civil trial. Where, as in this action, the testi-
   mony sought to be elicited does not tend to incriminate the
   witness, the witness may be ordered to submit to discovery.

   Affirmed.

1. PRETRIAL PROCEDURE — CIVIL PROCEEDINGS — DISCOVERY.

   Parties in civil proceedings may obtain discovery regarding any
   matter that is not privileged and that is relevant to the subject
   matter involved in the pending action; after commencement of
   the action, upon reasonable notice, a party may take the sworn
   testimony of an opposing party by deposition (MCR 2.302,
   2.306, 2.307).

2. ACTIONS — PATERNITY PROCEEDINGS.

   Paternity proceedings are civil in nature, not quasi-criminal, and
   are governed by the rules applicable to other civil actions,
   except as modified by MCR 3.212 and the Paternity Act (MCL
   722.711 *et seq.*; MSA 25.491 *et seq.*).

REFERENCES

Am Jur 2d, Bastards §§ 75, 111; Depositions and Discovery §§ 21;
   130.
See ALR Index under Depositions; Legitimacy of Children; Self-
   Incrimination.

3. CONSTITUTIONAL LAW — SELF-INCRIMINATION — PATERNITY PRO-
    CEEDINGS.
    The protection against compulsory self-incrimination does not
    entitle a defendant in a paternity action to refuse to give any
    testimony, including depositions, and may be invoked only
    when the testimony sought to be elicited will in fact tend to
    incriminate the witness (US Const, Ams V and XIV; Const
    1963, art 1, § 17; MCL 600.2154; MSA 27A.2154).

*Norman E. Conn,* for the plaintiff.

*Stanley T. Dobry,* for the defendant.

Before: REILLY, P.J., and SAWYER and P. J.
CLULO,* JJ.

REILLY, P.J. Defendant appeals by leave granted
an order compelling him to appear for the taking
of his deposition in this paternity proceeding. De-
fendant contends that the proceeding is quasi-
criminal in nature and, therefore, the order forc-
ing him to be a witness against himself before trial
is invalid because it is a violation of due process
and his constitutional right against self-incrimina-
tion. We disagree and affirm.

Parties in civil proceedings may obtain discovery
regarding any matter, not privileged, that is rele-
vant to the subject matter involved in the pending
action. MCR 2.302. After commencement of the
action, upon reasonable notice, a party may take
the sworn testimony of an opposing party by depo-
sition. MCR 2.306; MCR 2.307. Procedure in ac-
tions under the Paternity Act, MCL 722.711 *et
seq.*; MSA 25.491 *et seq.*, is governed by the rules
applicable to other civil actions, except as modified
by MCR 3.212 and the Paternity Act. MCR 3.212;
*Bowerman v MacDonald,* 431 Mich 1, 16; 427
NW2d 477 (1988).

* Circuit judge, sitting on the Court of Appeals by assignment.

We reject defendant's contention that paternity proceedings are quasi-criminal, not civil, and therefore that he is entitled to the constitutional protections afforded criminal defendants. Although historically the Paternity Act, and its predecessor, the Bastardy Act, contained numerous aspects of criminal procedure, those provisions have been gradually eliminated. The one remaining criminal procedural right afforded by the act, that of appointed counsel for an indigent defendant, is a recognition of the fundamental unfairness of providing counsel for an indigent plaintiff while denying the same to an indigent defendant. MCL 722.714(9); MSA 25.494(9); *Artibee v Cheboygan Circuit Judge,* 397 Mich 54; 243 NW2d 248 (1976). However, as stated in *Bowerman, supra* at 13, "[i]t would be erroneous to conclude that the application of this particular and clearly demarcated right was intended to suggest that the full panoply of criminal procedural rights were to be afforded." With the virtual elimination of all remaining vestiges of criminal procedure, paternity actions are now considered to be fundamentally civil in nature. Accordingly, procedure in paternity cases is controlled by MCR 3.212. *Id.*

Defendant's reliance upon *Pridemore v Williams,* 90 Mich App 483; 282 NW2d 363 (1979), no longer has merit. In *Pridemore,* this Court held that the putative father's statutory right under MCL 722.715(1); MSA 25.495(1) not to be compelled to testify superseded the right to conduct discovery under the general court rules. However, as a result of 1989 PA 258, the Legislature deleted the language regarding the right not to be compelled to testify. Consequently, the conflict between the statute and the court rules no longer exists, and the rules of civil procedure apply. MCR 3.212; *Bowerman, supra.*

The protection against compulsory self-incrimination provided by the Fifth and Fourteenth Amendments of the United States Constitution and Const 1963, art 1, § 17 does not entitle defendant to refuse to give any testimony in a civil action. The privilege against self-incrimination may be invoked only when the testimony sought to be elicited will in fact tend to incriminate the witness. *People v Ferency*, 133 Mich App 526; 351 NW2d 225 (1984). Because the defendant did not show that he would incriminate himself by responding to questions in a deposition, the trial court properly ordered defendant to submit to discovery. MCL 600.2154; MSA 27A.2154.

Affirmed.