2000 ND 205

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**George James GLEESON, Defendant and Appellant.**

**No. 20000084.**

Supreme Court of North Dakota.

Dec. 7, 2000.

Wayne D. Goter, Bismarck, ND, for defendant and appellant.

Cynthia M. Feland, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

MARING, Justice.

[¶ 1] George Gleeson appeals from a judgment of conviction entered upon a jury verdict finding him guilty of driving a motor vehicle while his driver's license privilege was revoked. We affirm the judgment.

I

[¶ 2] George Gleeson's driver's license was revoked on October 8, 1998. On July 15, 1999, Gleeson was arrested for driving a motor vehicle while his license privilege was revoked.

[¶ 3] Gleeson made an initial appearance before the trial court following his arrest. During his initial appearance, Gleeson appropriately answered questions regarding his address and his employment history and stated he understood the charge pending against him.

[¶ 4] The trial court scheduled a pretrial conference for September 13, 1999. Gleeson failed to appear at the pretrial conference apparently because he believed his attorney needed more time to prepare his defense. The pretrial conference was rescheduled for October 5, 1999, and Gleeson did appear. Gleeson expressed to the court that his attorney was inadequate and ineffective. As the pretrial conference progressed, however, Gleeson indicated to the court his court-appointed counsel could continue to represent him.

[¶ 5] Gleeson fired his attorney just before trial. A jury trial was held on March 23, 1999. His attorney made the court aware of his dismissal before trial began. Shortly thereafter, Gleeson changed his mind and allowed his attorney to proceed in representing him.

[¶ 6] During trial, Gleeson did not dispute that he was driving a vehicle while his license was revoked. Instead, he asserted an affirmative defense of lack of notice. He claimed the Department of Transportation ("DOT") failed to give him notice of the order of suspension. Gleeson stated during his testimony, however, that he had received notice of the suspension. His attorney asked Gleeson if he was confused, and Gleeson responded no. His attorney then asked Gleeson if there was anything more he wanted to add to his testimony, and Gleeson testified about the entire incident in a long narrative. Gleeson testified that he never received notice of the DOT hearing revoking his license. The jury returned a guilty verdict on the offense. That same day, Gleeson filed his Notice of Appeal. At no time during or after the trial did either party or the court raise the issue of Gleeson's competency.

II

[¶ 7] Gleeson contends the trial court erred in not conducting a competency hearing in order to determine if he was competent to stand trial. Gleeson concedes he did not request a competency hearing during trial. He argues, however, that based on his behavior and testimony throughout the proceedings, the trial court should have ordered a competency hearing *sua sponte.* We disagree.

[¶ 8] Before we will notice an error not brought to the attention of the trial court it must constitute an obvious error affecting the defendant's substantial rights. *State v. Burke,* 2000 ND 25, ¶ 16, 606 N.W.2d 108. An error affecting substantial rights must be prejudicial or affect the outcome of the proceedings. *State v. Strutz,* 2000 ND 22, ¶ 20, 606 N.W.2d 886. After reviewing the entire record, we conclude the trial court did not err in failing to order a competency hearing *sua sponte* of the defendant.

[¶ 9] It has long been held the conviction of a mentally incompetent accused is a violation of constitutional due process. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The United States Supreme Court has

summarized the test for determining if an accused is mentally competent to stand trial. *Id.* A defendant is incompetent when he lacks (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or (2) "a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402, 80 S.Ct. 788. This test is essentially codified at section 12.1-04-04, N.D.C.C., which states: "No person who, as a result of mental disease or defect, lacks capacity to understand the proceedings against the person or to assist in the person's own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures." On appeal, the issue is not whether the defendant was competent to stand trial, but rather whether the failure to hold a competency hearing constitutes a denial of due process. *U.S. v. Day*, 949 F.2d 973, 982 (8th Cir.1991).

 [¶ 10] Our case law states a competency hearing is required once evidence creating a "reasonable doubt" as to a defendant's competency is raised. *State v. Storbakken*, 246 N.W.2d 78, 81 (N.D.1976) (stating that such an inquiry is a requirement of the constitutional due process standard enunciated by *Pate* ). In order

to protect these due process rights the United States Supreme Court in *Pate v. Robinson*, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), concluded that when there is a "bona fide" doubt concerning the defendant's competency, a trial judge must *sua sponte* conduct a hearing to determine whether the defendant is competent to stand trial.[1] *See Day*, 949 F.2d at 981 (quoting *Drope v. Missouri*, 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) and *Pate*, 383 U.S. at 385, 86 S.Ct. 836); *see also Griffin v. Lockhart*, 935 F.2d 926, 929 (8th Cir.1991). The quantum of doubt required to trigger this duty has best been termed "sufficient doubt."[2] *Griffin*, 935 F.2d at 929 n. 2.

 [¶ 11] "A successful *Pate* challenge requires a showing that the trial [court] failed to see the need for a competency hearing when, based on the facts and circumstances known to [the court] at the time, [it] should have seen such a need." *Day*, 949 F.2d at 982. The inquiry, therefore, is whether the "trial judge receive[d] information which, objectively considered, should reasonably have raised a doubt about defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor ration-

---

1. North Dakota Century Code § 12.1-04-06, provides: "Whenever there is reason to doubt the defendant's fitness to proceed, the court *may* order the detention of the defendant for the purpose of an examination by a psychiatrist or a licensed psychologist....." (Emphasis added.) The United States Supreme Court has clearly stated that a court *must sua sponte* conduct an inquiry into a defendant's mental capacity if the evidence raises a sufficient doubt as to the defendant's competency at that time. *See generally Drope*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103; *Pate*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. Failure to conduct a competency hearing when there is sufficient doubt regarding the mental competency of the accused is a violation of the accused's due process right to a fair trial. *See Drope*, 420 U.S. at 172, 95 S.Ct. 896; *Pate*, 383 U.S. at 385, 86 S.Ct. 836.

2. The United States Court of Appeals for the Eighth Circuit, however, has noted that no single, descriptive phrase has emerged from

the cases in our federal courts. *Griffin*, 935 F.2d at 929 n. 2. Some cases have adopted "bona fide" doubt while others cases have adopted "reasonable doubt." *Id.* The Court of Appeals has stated that "bona fide" doubt is a misnomer for purposes of determining whether an evidentiary hearing should be held. *Id.* It reasons that "it does not convey the correct sense of the test: the question whether an evidentiary hearing is required does not depend on the sincerity, genuineness, etc. of the judge's doubt—[an appellate court] can assume any judge's doubt has these qualities." *Id.* The Court of Appeals has, therefore, determined that "sufficient doubt" is the best term in which to couch the constitutional test. *Id.* It notes that since *Pate*, "sufficient doubt" seems to be the phrase most often used by the United States Supreme Court. *Id.* (quoting *Ford v. Wainwright*, 477 U.S. 399, 417, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), and *Drope*, 420 U.S. at 180, 95 S.Ct. 896).

ally aid his attorney in his defense." *Lokos v. Capps,* 625 F.2d 1258, 1261 (5th Cir.1980). Although there is no set of facts which invariably establishes a sufficient doubt, the United States Supreme Court has focused on three significant evidentiary factors: the defendant's irrational behavior, the defendant's demeanor before the trial court, and any prior medical opinions on competence to stand trial. *Drope,* 420 U.S. at 180, 95 S.Ct. 896. The United States Court of Appeals for the Eighth Circuit focuses also on whether trial counsel questioned the defendant's competency before the court. *Day,* 949 F.2d at 982. In some circumstances, one of these factors standing alone may be sufficient evidence in determining whether further inquiry is required. *Drope,* 420 U.S. at 180, 95 S.Ct. 896. Absent contrary indications, a trial court is entitled to presume the defendant is competent. *State v. Heger,* 326 N.W.2d 855, 858 (N.D.1982).

[¶ 12] The United States Supreme Court in both *Pate* and *Drope* held specific factual circumstances gave rise to a sufficient doubt as to the defendants' competency. In *Pate,* the defendant had been convicted of murdering his wife without obvious explanation or motive. 383 U.S. at 376, 86 S.Ct. 836. The testimony at trial revealed that the defendant had a long history of irrational behavior including walking about in a daze, not responding to questions asked, seeing animals, attempting to burn his wife's clothing, shooting and killing his son, and shooting himself in the head. *Pate,* 383 U.S. at 378–83, 86 S.Ct. 836. In *Drope,* the defendant with four of his acquaintances forcibly raped his wife. 420 U.S. at 165, 95 S.Ct. 896. His irrational behavior included rolling down the stairs when he did not get his way, attempting to choke his wife, the gang rape, and other strange abuses of his wife. *Drope,* 420 U.S. at 165–66, 95 S.Ct. 896. Furthermore, the defendant shot himself in the stomach before his second day of trial. *Id.* Under these circumstances, the United States Supreme Court concluded there was sufficient doubt as to the defendants' competency and failure of the respective judges to conduct a competency hearing denied the defendants of their right to a fair trial.

[¶ 13] In the instant case, there is no similar evidence in the record which would have raised a sufficient doubt regarding Gleeson's competence. Gleeson claims he was not able to assist his attorney in his own defense because he did not tell his attorney he had notice of the suspension order. Gleeson's testimony at trial that he had notice of the suspension order came as a surprise to both his attorney and the court. The fact that Gleeson presented surprise testimony at trial, however, is not evidence in and of itself which establishes a sufficient doubt as to his competency to stand trial. Moreover, our Court has stated mental competency does not require the defendant to give perfectly consistent testimony or to be a convincing liar. *State v. VanNatta,* 506 N.W.2d 63, 68 (N.D.1993). Thus, a sufficient doubt as to competency is not raised simply because Gleeson's testimony was not consistent with his defense nor because he failed to lie regarding the lack of notice.

[¶ 14] The fact that he did not understand his own defense is also of little significance. In September of 1998, Gleeson was arrested for driving under the influence of alcohol. Subsequently, the Department of Transportation administratively revoked his driver's license. This case involves a collateral attack on the administrative determination made by the Department to suspend his driver's license. At trial Gleeson contended his suspension was improper because he did not have notice of it. Gleeson, however, took the stand and testified that he had notice of the suspension, but he did not have notice of the hearing of the suspension. Apparently, Gleeson incorrectly believed his defense was based on his lack of notice concerning the hearing and not the suspension order. Because the DUI charge resulted in both administrative proceedings and court proceedings, Gleeson's confusion is understandable. Confusion over

these various proceedings and defenses attendant to each is common among lay people and would not cause a trial court to have sufficient doubt as to Gleeson's competency. Moreover, just because the defendant does not understand the proceedings unless they are explained to him or her in simple language does not establish the defendant is incompetent to stand trial. *Heger*, 326 N.W.2d at 861 (quoting *United States v. Glover*, 596 F.2d 857, 867 (9th Cir .1979)).

█ [¶ 15] After Gleeson acknowledged he had notice of the order of suspension, his defense attorney asked him if he had anything else to add to his testimony. Gleeson then testified about the entire incident in one long narrative. Gleeson claims that such testimony should have alerted the court as to his incompetency. A trial court, however, is not required to conduct a full blown hearing every time there is the slightest evidence of incompetency. *Storbakken*, 246 N.W.2d at 81. Furthermore, lay people have a natural tendency to testify in narratives rather than short statements in response to questions.

█ [¶ 16] Gleeson's final argument rests on his claim he lacked rapport with his attorney. During two pre-trial proceedings, Gleeson made certain statements regarding his attorney's ineffectiveness while at other times he made certain statements praising his attorney. Prior to trial, he filed ethical complaints against the trial court, prosecutor, and his defense attorney. Gleeson, however, at the time of trial agreed to have his attorney represent him, and a review of the record does not manifest he had an inability to assist his attorney in his defense. Mere evidence of complaints and dissatisfaction, without more, does not establish sufficient doubt as to defendant's competency.

### III

[¶ 17] We conclude based on our review of the record there were no facts or circumstances present before the trial court which should have created a sufficient doubt of the defendant's competency so as to warrant a hearing on the issue. Accordingly, the judgment is affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.