2014 ND 14

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Mitchell HOLBACH, Defendant and Appellant.**

**No. 20130016.**

Supreme Court of North Dakota.

Jan. 28, 2014.

Rehearing Denied March 10, 2014.

Jonathan R. Byers, Bismarck, N.D., for plaintiff and appellee; on brief.

Blake D. Hankey, Grand Forks, N.D., for defendant and appellant; on brief.

Mitchell D. Holbach, self-represented, Jamestown, N.D., defendant and appellant; on brief.

PER CURIAM.

[¶ 1] Mitchell Holbach appeals from an order: (1) finding he was not competent to understand the proceedings against him and assist in his defense in a criminal prosecution for terrorizing; (2) suspending the prosecution against him; (3) ordering him committed to the care and custody of the State Hospital with directions for annual evaluations to determine whether he has attained competency to understand the proceedings against him and assist in his defense; and (4) ordering dismissal of the charges if he has not attained competency by March 2016. Holbach argues the district court clearly erred in finding he was not competent to assist in his defense. We conclude the court did not clearly err in finding Holbach was not competent to assist in his defense. We also conclude that Holbach's pretrial commitment to the State Hospital under N.D.C.C. § 12.1–04–08 must comply with the statutory procedures and safeguards of N.D.C.C. ch. 25–03.1. We modify the order, and as modified, we affirm.

## I

[¶ 2] In March 2011, the State charged Holbach with terrorizing, a class C felony punishable by up to five years in prison, alleging he had sent letters or filed documents with the court threatening various public officials, law enforcement officers, and court-appointed attorneys involved in his prior convictions. *See State v. Holbach*, 2009 ND 37, 763 N.W.2d 761; *State v. Holbach*, 2007 ND 114, 735 N.W.2d 862. Holbach was arrested on the charge and incarcerated in the Ward County Jail, bail was set at $250,000, and he has been in custody since his arrest.

[¶ 3] The district court determined Holbach was indigent and counsel was appointed to represent him. The record nevertheless reflects Holbach, without counsel, has personally filed numerous documents with the court raising issues about his prior convictions and other matters. In November 2011, the court granted the State's motion to prohibit Holbach from collaterally challenging the validity of his prior convictions during the trial of the terrorizing charge. Without counsel, Holbach continued to file numerous requests and documents with the court. Holbach's court-appointed attorney moved for a determination that Holbach had functionally waived his right to counsel or to withdraw as counsel, claiming Holbach insisted on filing the requests and pursuing objectives that undermined counsel's trial strategy.

[¶ 4] In January 2012, the district court ordered that Holbach be detained at the State Hospital for a period not to exceed 30 days for examination under N.D.C.C. § 12.1-04-06, to determine whether he lacked the capacity to understand the proceedings against him and to assist in his own defense. The order said Holbach would be transported back to the Ward County Jail after the examination. Holbach, through counsel, moved to quash the order for the examination at the State Hospital. In March 2012, the court denied Holbach's counsel's motion to quash, stating that "based on the conduct of [Holbach] at numerous proceedings before this Court and the papers filed, there is reason to doubt [his] fitness to proceed and his ability and capacity to assist in his own defense and understand the proceedings."

[¶ 5] This record is not clear about the outcome of that examination, and in August 2012, defense counsel moved for an independent examination of Holbach by Dr. Robert Riedel to determine Holbach's capacity to assist in his defense. The district court issued an order authorizing Dr. Riedel to examine Holbach at the Ward County Jail. Dr. Riedel observed Holbach at the Ward County Jail, but Holbach did not participate in an interview with Dr. Riedel. Dr. Riedel did review audio recordings of hearings, transcripts, and other documents in preparing a report, which was filed with the court in October 2012.

[¶ 6] After further proceedings and evidentiary hearings in October and December 2012, the district court found by a preponderance of the evidence that Holbach was not competent to understand the proceedings against him and to assist in his defense, but that he may become competent in the foreseeable future. The court suspended the criminal prosecution against Holbach and ordered him committed to the care and custody of the State Hospital. The court's order required the State Hospital to prepare an annual evaluation addressing whether Holbach had attained competency and stated that if he did not attain competency to assist his defense by March 2016, the criminal prosecution against him would be dismissed. The court ordered Holbach transported to the State Hospital, and the record indicates Holbach was brought to the State Hospital in January 2013.

## II

■ [¶ 7] Holbach argues the evidence establishes he is competent to assist in his defense and the district court clearly erred in finding he was not competent.

■ [¶ 8] Due process prohibits the criminal prosecution of a defendant who is not competent to stand trial. *State v. Roberson*, 2002 ND 24, ¶ 12, 639 N.W.2d 690; *State v. VanNatta*, 506 N.W.2d 63, 65 (N.D.1993). Section 12.1–04–04, N.D.C.C., describes the statutory standard for determining competency to stand trial and provides that "[n]o person who, as a result of mental disease or defect, lacks capacity to understand the proceedings against the person or to assist in the person's own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures." *See also State v. Heger*, 326 N.W.2d 855, 857 (N.D. 1982). Sections 12.1–04–06 and 12.1–04–07, N.D.C.C., describe procedures for a court ordered competency examination whenever there is reason to doubt the defendant's fitness to proceed, the temporary detention of the defendant in the least restrictive appropriate setting for a reasonable period not to exceed thirty days for an examination, a provision for extending the temporary detention for good cause for a period not to exceed an additional thirty days, a written report by examining medical professionals within described time parameters, and an evidentiary hearing if the findings in the report are contested. Section 12.1–04–08, N.D.C.C., authorizes the suspension or dismissal of criminal proceedings if the court finds a defendant is not competent to assist in a defense and also authorizes the court to make a referral for other appropriate services, treatment, or civil commitment.

[¶ 9] In *Heger*, 326 N.W.2d at 857 (citing *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)), this Court considered those statutes and said a defendant is not competent to stand trial when the defendant has neither sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding nor a rational as well as a factual understanding of the proceedings against him. This Court held the State has the burden of demonstrating a defendant's competency to stand trial by a preponderance of the evidence and an appellate court's standard of review is under the clearly erroneous rule. *Heger*, at 858. *See also VanNatta*, 506 N.W.2d at 65.

■ [¶ 10] A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, a reviewing court, on the entire evidence is left with a definite and firm conviction a mistake has been made. *State v. Jacobsen*, 2008 ND 52, ¶ 8, 746 N.W.2d 405; *VanNatta*, at 65. Under that standard, the district court assesses the credibility of witnesses and resolves conflicts in the evidence, and this Court does not reweigh the evidence, make independent findings of fact, or substitute its judgment for that of the district court. *Hoggarth v. Kropp*, 2010 ND 197, ¶ 12, 790 N.W.2d 22. As this Court has explained on numerous occasions, a " 'trial court is in a better position to judge the demeanor and credibility of witnesses and weigh the evidence than we who have only the cold record to review.' " *Id.* (quoting *Ludwig v. Burchill*, 481 N.W.2d 464, 469 (N.D.1992)).

[¶ 11] Dr. Riedel's report filed with the district court in October 2012, in conjunction with the testimony and evidence presented at the October and December 2012 hearings, provides evidence to support the court's findings that Holbach was not competent to stand trial because of his schizophrenia, paranoid type, and delusions as well as his emotional outbursts and insta-

bility during hearings. Evidence at the October and December 2012 hearings includes numerous statements indicating Holbach's belief that he is innocent of all charges in the earlier criminal prosecutions and his repeated claims of "official oppression and wrongful imprisonment." The record further reflects the court was exceedingly patient in allowing Holbach to make statements about the earlier proceedings. Based on Dr. Riedel's report and testimony and the court's observations at those hearings, we conclude the court was able to evaluate Holbach's ability to understand the proceedings against him and assist in his defense in this case.

[¶ 12] The district court was in a better position than this Court to judge the demeanor and credibility of the witnesses and weigh the evidence. After reviewing the record, we conclude the court did not misapply the law regarding Holbach's capacity to assist in his defense, and we are not left with a definite and firm conviction the court made a mistake in finding he was not competent to understand the proceedings against him and to assist in his defense. We therefore conclude the court did not clearly err in finding Holbach was not competent to assist in his defense and suspending the prosecution against him under N.D.C.C. § 12.1–04–08.

### III

[¶ 13] In a self-represented "supplemental brief of indigent defendant" under N.D.R.App.P. 24, Holbach claims "District Courts cannot use the provisions of North Dakota Century Code, Chapter 12.1–04 to circumvent the strict procedures and safeguards of North Dakota Century Code, Chapter 25, governing mental health proceedings or commitment procedures." The State responds this Court should not consider Holbach's claim because it was raised for the first time on appeal and was not adequately articulated, supported, and briefed. The State also argues the procedures and safeguards for civil commitments under N.D.C.C. ch. 25–03.1 do not apply to competency proceedings under N.D.C.C. ch. 12.1–04.

[¶ 14] Holbach's claim involves the suspension of the criminal prosecution against him and his pretrial detention at the State Hospital under the authority of N.D.C.C. ch. 12.1–04. Issues about Holbach's continued pretrial detention and the applicability of mental health proceedings were raised at various stages of the protracted pretrial proceedings in this prosecution. On this record, we conclude issues about the authority and terms of Holbach's pretrial detention at the State Hospital pending the suspended prosecution on the terrorizing charge are properly before us. *See Roberson*, 2002 ND 24, ¶ 13, 639 N.W.2d 690 (issues about competency to stand trial may constitute obvious error affecting a defendant's substantial rights).

[¶ 15] In evaluating Holbach's capacity to stand trial, the district court determined Holbach was mentally ill and there was a substantial risk that he would commit a criminal act of violence as a result of his mental illness or defect. The court found Holbach was not a proper subject for conditional release and he would not attain fitness to proceed to trial absent a referral to the State Hospital. The court ordered Holbach committed to the State Hospital until further court order and also ordered the State Hospital to prepare annual evaluations addressing whether Holbach has attained fitness to assist his defense. The court explained that if Holbach did not attain fitness to proceed by March 14, 2016, which is five years after the terrorizing charge was filed against him, the prosecution would be dismissed. The court, in essence, involuntarily committed Holbach to the State Hospi-

tal as a person in need of treatment under N.D.C.C. § 12.1–04–08, which, at the time of the court's order, provided:

1. If the court determines based upon a preponderance of the evidence that the defendant currently lacks fitness to proceed or to effectively communicate with counsel but that the defendant may attain fitness to proceed or effectively communicate with counsel in the foreseeable future, the proceedings against the defendant must be suspended, except as provided in section 12.1–04–09. When the court determines, after a hearing if a hearing is requested, that the defendant has regained fitness to proceed or to effectively communicate with counsel, the proceeding must be resumed. If prosecution of the defendant has not resumed prior to the expiration of the maximum period for which the defendant could be sentenced, or it is determined by the court, after a hearing if a hearing is requested, that the defendant will not regain fitness to proceed or to effectively communicate with counsel, the charges against the defendant must be dismissed. The court may at any time make a referral for other appropriate services, treatment, or civil commitment.

2. If the court determines based upon a preponderance of the evidence that the defendant currently lacks fitness to proceed and that the defendant will not attain fitness to proceed in the foreseeable future, the proceedings must be dismissed. The court may at any time make a referral for other appropriate services, treatment, or civil commitment.

3. Other appropriate services or treatment include:

   a. Determination of incapacity, by a district court with appropriate jurisdiction following petition by the state's attorney, for the appointment of a guardian or conservator pursuant to chapter 30.1–28 or 30.1–29;

   b. Civil commitment of the person pursuant to chapter 25–03.1; or

   c. Treatment of the person by a human service center or other appropriate public or private provider.

4. The custodian, guardian, or other person charged with the control of the defendant may take an appeal from the court's order in the manner provided by law. The procedure provided in this section is not exclusive, but is in addition to any other procedure for the commitment of individuals to the developmental center at westwood park, Grafton, state hospital, or other state facility.

■ [¶ 16] Statutory interpretation is a question of law, fully reviewable on appeal. *In re P.F,* 2008 ND 37, ¶ 11, 744 N.W.2d 724. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. If the language of a statute is clear and unambiguous, "the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. If the language of a statute is ambiguous, however, a court may resort to extrinsic aids, including legislative history, to resolve the ambiguity. N.D.C.C. § 1–02–39(3). Whenever possible, statutes are construed in harmony with the constitution to avoid constitutional infirmities. N.D.C.C. § 1–02–38(1); *Reep v. State,*

2013 ND 253, ¶ 24, 841 N.W.2d 664; *State ex rel. Sprynczynatyk v. Mills*, 523 N.W.2d 537, 540 (N.D.1994).

[¶ 17] Section 12.1–04–08, N.D.C.C., provides that a "court may at any time make a referral for other appropriate services, treatment, or civil commitment." That statute says "[o]ther appropriate services or treatment include . . . [c]ivil commitment of the person pursuant to [N.D.C.C.] chapter 25–03.1." N.D.C.C. § 12.1–04–08(3).

[¶ 18] The language of N.D.C.C. § 12.1–04–08 authorizing procedures for other appropriate services or treatment, including civil commitment for defendants found not competent to proceed to trial was adopted in 1991 N.D. Sess. Laws ch. 121. Statements during the legislative process indicate an intention that pretrial commitment of an incompetent criminal defendant follow the procedures and protections outlined in the statutory scheme for other appropriate services, including civil commitment under N.D.C.C. ch. 25–03.1. *See Hearing on S.B. 2430 Before the Senate Judiciary Comm.*, 52nd N.D. Legis. Sess. (Feb. 12, 1991) (written testimony of Jane Freeman, Protection and Advocacy Project) (bill "is designed to provide guidance to criminal courts for ways to effectively and consistently deal with the criminal defendant where fitness to proceed to a criminal trial is an issue," the bill "provides a format for dealing with these issues while providing due process and equal protection for the defendants whose fitness to proceed is in question," the "bill, if enacted, will streamline the role of the prosecutor and provide a structure utilizing existing statutes for dealing with defendants whose fitness to proceed is in question"). The language of N.D.C.C. § 12.1–04–08 and the legislative history evidence an intent that the procedural safeguards of N.D.C.C. ch. 25–03.1 apply to the detention at the State Hospital of a defendant found not competent to assist in his defense.

[¶ 19] In *Jackson v. Indiana*, 406 U.S. 715, 730, 738–39, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), the United States Supreme Court held a defendant found not competent to stand trial cannot be held indefinitely on the basis of pending charges and lack of capacity, because to do so would violate both equal protection and due process under the federal constitution. Although *Jackson* involved a person being held indefinitely following a finding of lack of capacity to proceed and Holbach may only be held for up to five years under N.D.C.C. §§ 12.1–04–08 and 12.1–32–01(4) for a charge involving a class C felony, Holbach is being held at the State Hospital on the basis of the suspended criminal charge and his lack of capacity to stand trial without being afforded the statutory safeguards of N.D.C.C. ch. 25–03.1. A defendant in a criminal prosecution has a right to a speedy trial under N.D. Const. art. I, § 12, and N.D.C.C. §§ 29–01–06(5) and 29–19–02, and "is presumed to be innocent until the contrary is proved" under N.D.C.C. § 29–21–05. Construing N.D.C.C. § 12.1–04–08 in light of those rights and to avoid a possible constitutional infirmity under *Jackson*, we conclude Holbach's continued pretrial detention at the State Hospital after proceedings under N.D.C.C. § 12.1–04–08 must be determined under the civil commitment procedures of N.D.C.C. ch. 25–03.1.

[¶ 20] The State's reliance on *State v. Nording*, 485 N.W.2d 781, 785 (N.D.1992), is misplaced because in that case the defendant was found not guilty by reason of lack of criminal responsibility and was afforded further procedural safeguards under N.D.C.C. ch. 12.1–04.1, including procedures for commitment under N.D.C.C. ch. 25–03.1. *See* N.D.C.C. §§ 12.1–04.1–20(2) and 12.1–04.1–21(2). Holbach, how-

ever, has not had a trial and is presumed innocent, and the procedural safeguards of N.D.C.C. ch. 12.1–04.1 for persons found not guilty by reason of lack of criminal responsibility are not applicable to his pretrial detention.

## IV

[¶ 21] We modify the district court order to require that Holbach's continued pretrial detention at the State Hospital be determined under the statutory procedures and safeguards of N.D.C.C. ch. 25–03.1, and, as modified, we affirm the order.

[¶ 22] JOHN T. PAULSON, Acting C.J., D.J., RONALD E. GOODMAN, S.J., ALLAN L. SCHMALENBERGER, S.J., H. PATRICK WEIR, S.J., and BENNY A. GRAFF, S.J., concur.

[¶ 23] The Honorable JOHN T. PAULSON, D.J., RONALD E. GOODMAN, S.J., ALLAN L. SCHMALENBERGER, S.J., H. PATRICK WEIR, S.J., and BENNY A. GRAFF, S.J., sitting in place of VANDE WALLE, C.J., DALE V. SANDSTROM, J., CAROL RONNING KAPSNER, J., DANIEL J. CROTHERS, J., and LISA FAIR McEVERS, J., disqualified.