# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 175

State of North Dakota,                                    Plaintiff and Appellee

v.

Trent Daniel Rolland,                                    Defendant and Appellant

## No. 20230313

Appeal from the District Court of Sargent County, Southeast Judicial District, the Honorable Nicholas D. Thornton, Judge.

REMANDED WITH JURISDICTION RETAINED.

Opinion of the Court by Crothers, Justice.

Jayne M. Pfau, State's Attorney, Forman, ND, for plaintiff and appellee.

Adam J. Justinger, Fargo, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Trent Rolland appeals from a criminal judgment entered following his conditional pleas of guilty to gross sexual imposition, luring minors by computer, sexual assault, and contributing to the deprivation or delinquency of a minor. He argues the district court erred when it decided he was competent to stand trial and denied his motions to suppress evidence. The court did not make findings to explain the basis for its decision that Rolland was fit to proceed. The judge that presided over Rolland's competency hearing is no longer sitting. We therefore retain jurisdiction and remand for a period of 60 days for the district court to decide the preliminary issue of whether Rolland was fit to proceed before entering his conditional guilty plea.

I

[¶2]   Law enforcement was called to a traffic accident involving Rolland and the victim, a minor. Upon speaking with the victim, law enforcement learned Rolland was communicating with the victim using the social media application SnapChat, and sending her text messages and explicit photographs. The victim also alleged Rolland had sexual contact with her. Rolland was subsequently charged with luring a minor and arrested. Rolland's smartphone was seized during the arrest, and he was transported to the Richland County jail.

[¶3]   While at the Richland County jail, law enforcement told Rolland he was in custody and not free to leave. Law enforcement read Rolland his *Miranda* rights before questioning him. The officer conducting the interview asked Rolland if he understood the rights read to him, and Rolland answered in the affirmative. During the one-hour interview, Rolland made several admissions regarding the alleged criminal conduct. Rolland also provided law enforcement with the locations on his phone of the messages and photographs, and passwords necessary to access the photos and messages. Following the interview, law enforcement obtained a warrant to search Rolland's phone. The State subsequently amended its complaint against Rolland to add additional charges.

[¶4]   Rolland underwent three psychological evaluations performed by two licensed psychologists, Dr. Juli Nevland and Dr. Shannon Weisz. Following the examinations Rolland filed a motion to dismiss, arguing he was not fit to proceed. The district court ordered a trial competency evaluation, which was completed by Dr. Mark Rodlund. At the competency hearing, the court received reports detailing the doctors' opinions. Rolland objected to admission of Dr. Rodlund's report arguing it was untimely. The district court overruled the objection reasoning Rolland had sufficient time to review the report. Dr. Weisz opined Rolland did not fully understand the proceedings against him. Dr. Rodlund testified Rolland was competent to stand trial.

[¶5]   Rolland also filed a motion to suppress evidence gathered during the custodial interview arguing he did not voluntarily, knowingly, and intelligently waive his constitutional right to remain silent and an additional motion to suppress evidence arguing the search warrant violated the Fourth Amendment's particularity requirement. The district court heard testimony from the officers that arrested Rolland, interviewed him, and searched his phone. An audio recording of the interview was admitted into evidence.

[¶6]   The district court entered a single order denying Rolland's motions to suppress and his motion to dismiss. Rolland entered a conditional plea of guilty and now appeals from the subsequently entered judgment. On appeal, Rolland argues the court erred when it decided he was competent to stand trial, when it decided the search of his cell phone was constitutional, and when it decided he voluntarily waived his right to remain silent.

II

[¶7]   Rolland argues the district court erred in finding he was competent to stand trial. He claims the court-ordered competency evaluation was completed after the statutory deadline and therefore the court should not have considered the competency report. He also argues the court's determination that he is competent to stand trial is not supported by the evidence.

[¶8]   "It is well established that due process prohibits the criminal prosecution of a defendant who is not competent to stand trial." *State v. VanNatta*, 506 N.W.2d

2

63, 65 (N.D. 1993) (citing *Medina v. California*, 505 U.S. 437 (1992); *Drope v. Missouri*, 420 U.S. 162 (1975); *Pate v. Robinson*, 383 U.S. 375 (1966); *State v. Heger*, 326 N.W.2d 855 (N.D. 1982)). "An individual who lacks fitness to proceed may not be tried, convicted, or sentenced for the commission of an offense." N.D.C.C. § 12.1-04-04.1(2). "Section 12.1-04-08, N.D.C.C., authorizes the suspension or dismissal of criminal proceedings if the court finds a defendant is not competent to assist in a defense and also authorizes the court to make a referral for other appropriate services, treatment, or civil commitment." *State v. Holbach*, 2014 ND 14, ¶ 8, 842 N.W.2d 328.

A

[¶9] Rolland argues the district court erred as a matter of law when it considered Dr. Rodlund's report because the report was filed past the deadline set by N.D.C.C. § 12.1-04-07, which provides:

> "1. Whenever there is reason to doubt the defendant's fitness to proceed, the court shall order the defendant be examined by a tier 1a mental health professional.
>
> 2. An examination must occur within fifteen days from receipt of material necessary to examine the fitness of the individual and notice of entry of the order served upon the tier 1a mental health professional. Attorneys shall disclose any materials necessary to examine the fitness of the individual to the tier 1a examiner contemporaneously with the order. For good cause shown, the court may grant an extension allowing an additional seven days to complete the examination."

[¶10] On April 18, 2022, the district court entered an order for a competency and criminal responsibility evaluation. Rolland argues: "According to the record, it appears that the Order was received by the North Dakota State Hospital (NDSH) on April 26, 2022." In support of his claim, Rolland cites a docket entry with a copy of the April 18, 2022 evaluation order, but it includes nothing to indicate either the hospital or Dr. Rodlund received notice of the order on that date. The 15-day deadline does not begin until "receipt of material necessary to examine the fitness of the individual and notice of entry of the order served upon the tier

3

1a mental health professional." N.D.C.C. § 12.1-04-07(2). Rolland has not established if or when Dr. Rodlund was served with notice of the order as required by law to start the 15-day deadline. On this record, the district court did not err when it considered Dr. Rodlund's report.

B

[¶11] Rolland argues the evidence does not support the district court's decision that he is competent to stand trial. The standard for determining if a criminal defendant is competent to stand trial is set forth in *State v. Gleeson*:

> "The United States Supreme Court has summarized the test for determining if an accused is mentally competent to stand trial. A defendant is incompetent when he lacks (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. This test is essentially codified at section 12.1-04-04, N.D.C.C., which states: No person who, as a result of mental disease or defect, lacks capacity to understand the proceedings against the person or to assist in the person's own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures."

2000 ND 205, ¶ 9, 619 N.W.2d 858 (cleaned up). "The crux of being able to 'consult with a lawyer with a reasonable degree of rational understanding' is being able to 'confer coherently with counsel and provide necessary and relevant information to formulate a defense.'" *Kuntz v. State*, 2022 ND 189, ¶ 6, 981 N.W.2d 848 (quoting *VanNatta*, 506 N.W.2d at 65, 68). "The prosecution must show by a preponderance of evidence that a defendant is competent to stand trial." *VanNatta*, at 65.

[¶12]  Whether a defendant is competent to stand trial is a question of fact for the district court, which finding is reviewed by this Court under our clearly erroneous standard. *State v. Dahl*, 2010 ND 108, ¶ 6, 783 N.W.2d 41. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction

4

a mistake has been made." *Heckelsmiller v. State,* 2004 ND 191, ¶ 5, 687 N.W.2d 454.

[¶13] The district court determined Rolland was competent to stand trial, concluding "he has the ability to understand the proceedings now pending in this Court against him, effectively communicate with counsel, and to assist in his defense should he choose to do so." These statements are simply a recitation of the legal standard the court was required to apply. They do not provide a basis for us to review the court's decision. "When factual issues are involved in deciding a motion, the court must state its essential findings on the record." N.D.R.Crim.P. 12(d). "'We cannot properly review a decision . . . if the district court fails to make adequate findings explaining the basis for its ultimate conclusion.'" *State v. Knox*, 2016 ND 15, ¶ 10, 873 N.W.2d 664 (quoting *State v. Juntunen*, 2014 ND 86, ¶ 3, 845 N.W.2d 325). "'A reviewing court needs to know the reasons for the trial court's decision before it can intelligently rule on the issues, and if the trial court does not provide an adequate explanation of the evidentiary and legal basis for its decision, we are left to merely speculate whether the court properly applied the law.'" *Knox*, at ¶ 10 (quoting *Estate of Nelson*, 2015 ND 122, ¶ 8, 863 N.W.2d 521). We are unable to decide whether the district court erred when it determined Rolland was competent to stand trial because the court did not make findings explaining the basis for its decision.

[¶14] The preliminary issue of whether Rolland was fit to proceed must be decided before we can address whether he should be allowed to withdraw his guilty plea due to a constitutional violation. *See Dodge v. State*, 2020 ND 100, ¶ 15, 942 N.W.2d 478 ("An incompetent criminal defendant cannot enter a valid guilty plea."). A person's fitness to proceed may change over time. *State v. Rogers*, 2018 ND 244, ¶ 21, 919 N.W.2d 193. Whether Rolland currently is fit to proceed is not relevant to the question of whether he was fit to proceed before entering his conditional guilty plea. *See id.* (remanding for a new competency hearing to decide whether a defendant was fit to proceed at the time of an improperly closed competency hearing and subsequent change of plea). The judge that presided over Rolland's competency hearing is no longer sitting. On remand, the district court must determine whether Rolland was fit to proceed when he entered his conditional guilty plea. That decision must be based on the record

5

when Rolland filed his motion to dismiss. The court must conduct an additional competency hearing to assess the evaluators' testimony and credibility. *See* N.D.C.C. § 12.1-04-07(5) (stating the court must hold a hearing when the findings of a competency report are contested).

## III

[¶15] We retain jurisdiction and remand for a period of 60 days from the filing of this opinion for the district court to decide the preliminary issue of whether Rolland was fit to proceed before entering his conditional guilty plea.

[¶16]  Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

[¶17] The Honorable Chief Justice Jon J. Jensen recused himself after oral argument and did not participate in this decision.