# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 219

State of North Dakota,                           Plaintiff and Appellee

v.

James David Thesing, Jr.,                        Defendant and Appellant

### No. 20240093

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Nicholas W. Chase, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Joshua J. Traiser and Nicholas S. Samuelson, Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee; submitted on brief.

Alexis L. Madlom, Fargo, ND, for defendant and appellant; submitted on brief.

**State v. Thesing**
No. 20240093

**Jensen, Chief Justice.**

[¶1] James Thesing appeals from a district court judgment entered after he conditionally pled guilty to an offense defined by N.D.C.C. § 12.1-31.2-02 for violating a pre-dispositional order prohibiting contact with a protected person. Thesing argues: (1) the court erred in denying his motion to dismiss because pursuant to the statute the order only applied while he was released from custody, (2) the order was a "condition of release" and did not apply to him while he was in custody or, alternatively, (3) the statute is unconstitutionally vague. We conclude the order applied to Thesing while he was in custody, the statute is not vague, and we affirm the judgment.

I

[¶2] In November 2022, Thesing was charged with engaging in domestic violence. He was released subject to a pre-dispositional order prohibiting contact with the alleged victim issued under N.D.C.C. § 12.1-31.2-02.

[¶3] In March 2023, Thesing was arrested for violating the pre-dispositional order prohibiting contact with a protected person. He was alleged to have initiated in-person contact with the protected person and to have called the protected person multiple times while he was in custody. He was charged with two counts of violating an order prohibiting contact, class A misdemeanors in violation of N.D.C.C. § 12.1-31.2-02(4). In July 2023, after the violations were alleged to have occurred, Thesing's original domestic violence charge was dismissed and the pre-dispositional order prohibiting contact with the alleged victim terminated.

[¶4] In November 2023, Thesing filed a motion to dismiss count two of the information. In December 2023, the district court denied the motion, concluding: (1) the no contact order remained in effect after the arrest, (2) the no contact order was not contingent on release, and (3) section 12.1-31.2-02(4), N.D.C.C., meets the constitutional requirements of "legal clarity and specificity."

1

[¶5]   In February 2024, Thesing entered a conditional guilty plea to count two preserving his right to appeal, and count one was dismissed. Thesing timely filed a notice of appeal in March 2024. Thesing argues: (1) the district court erred in denying his motion to dismiss because pursuant to the statute, the order only applied while he was released from custody, (2) the order was a "condition of release" and did not apply to him while he was in custody or, alternatively, (3) the statute is unconstitutionally vague.

## II

[¶6]   This case presents issues of statutory interpretation. "Statutory interpretation is a question of law, fully reviewable on appeal." *State v. Glaser*, 2015 ND 31, ¶ 13, 858 N.W.2d 920 (quoting *State v. Holbach*, 2014 ND 14, ¶ 16, 842 N.W.2d 328). Questions of law are reviewed de novo. *Bladow v. Bladow*, 2005 ND 142, ¶ 9, 701 N.W.2d 903.

## III

[¶7]   Thesing argues the district court erred in denying his motion to dismiss because count two of the information fails to state a claim. He asserts "a plain reading of the statute shows that the order prohibiting contact is to be triggered when the defendant is released from custody . . . the statute does not contain any language that limits the application to incarceration for the same offense." The timeline was as follows: Thesing was charged with the offense of domestic violence, he was released subject to a pre-dispositional order prohibiting contact, he was arrested and placed in custody for violating the pre-dispositional order prohibiting contact, and while in custody he violated the pre-dispositional order. Accordingly, he contends that because he was being held in custody for violating the pre-dispositional order prohibiting contact when the alleged offense occurred, the pre-dispositional order prohibiting contact with the alleged victim did not apply.

[¶8]   Our framework for statutory interpretation is well-established:

> [This Court's] primary objective in interpreting statutes is to determine legislative intent, as that intent is expressed in the language of the statute. Statutory provisions are given their plain,

2

ordinary, and commonly understood meaning, unless they are specifically defined or a contrary intention plainly appears. Words and phrases are construed according to the context in which they are used, and technical words defined by statute are construed according to that definition. Statutes are construed as a whole and harmonized to give meaning to related provisions. Statutes are construed to give effect to all of their provisions so no part of a statute is rendered inoperative or superfluous. When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

*State v. Brown*, 2018 ND 31, ¶ 18, 906 N.W.2d 120 (cleaned up).

[¶9]   Subsection 12.1-31.2-02(1), N.D.C.C., reads as follows:

If an individual who is charged with or arrested for a crime of violence or threat of violence, stalking, harassment, or a sex offense is released from custody before arraignment or trial, the court authorizing the release of the individual shall consider and may issue an order prohibiting the individual from having contact with the victim. The order must contain the court's directives and must inform the individual that any violation of the order constitutes a criminal offense. The state's attorney shall provide a copy of the order to the victim. The court shall determine at the time of the individual's arraignment whether an order issued pursuant to this section will be extended. If the court issues an order pursuant to this section before the time the individual is charged, the order expires at the individual's arraignment or within seventy-two hours of issuance if charges against the individual are not filed.

[¶10] The wording of the statute is unambiguous and allows a district court to issue a no contact order if an individual charged with a crime of violence and the court is considering whether the individual will be released from custody before arraignment or trial. Thesing was released subject to the pre-dispositional order. The statute contains no language suggesting the pre-dispositional order terminates if the individual is subsequently placed in custody.

[¶11] We also note the express language of the order itself is contrary to Thesing's assertions and read as follows: Thesing is to "have no contact, directly or indirectly, whether in person or through a third party, by telephone, mail,

electronic messaging or social media or by any other means, or come within 300 yards of the [protected person]." The order is to terminate "upon disposition of the case unless modified or terminated by further order of the Court."

[¶12] Thus, Thesing's assertion he could not be charged with the offense after being released and taken back into custody is without merit.

## IV

[¶13] Thesing argues the pre-dispositional order does not apply to him because it was a condition of release, and he was in custody at the time of the alleged violation. He contends that under N.D.R.Crim.P. 46(a)(2)(E), a district court may set conditions of release, including "requiring the person to avoid all contact with an alleged victim of the crime or with a potential witness who may testify concerning the offense . . . ."

[¶14] We need not decide whether a condition of release issued exclusively under N.D.R.Crim.P. 46(a)(2)(E) applies only while an individual has been released from custody. Here, the pre-dispositional order was issued pursuant to N.D.C.C. § 12.1-31.2-02(1), which authorizes a district court to enter an order prohibiting a criminal defendant from having contact with a victim of a "crime of violence or threat of violence, stalking, harassment, or a sex offense . . . ." As we concluded in the prior section, a plain reading of the statute provides that the pre-dispositional order still applied to Thesing after he had been taken back into custody for violating the order. Therefore, Thesing's assertion is without merit.

## V

[¶15] Thesing further argues N.D.C.C. § 12.1-31.2-02 is unconstitutionally vague. Thesing bears the burden of proving the statute's "constitutional infirmity." *City of Fargo v. Roehrich,* 2021 ND 145, ¶ 5, 963 N.W.2d 248.

[¶16] Rule 28(b)(7)(A), N.D.R.App.P., requires an appellant's brief and argument contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ." "[A] party waives an issue by not providing supporting argument and, without supportive

4

reasoning or citations to relevant authorities, an argument is without merit." *Hoever v. Wilder*, 2024 ND 58, ¶ 5, 5 N.W.3d 544 (quoting *Riemers v. City of Grand Forks*, 2006 ND 224, ¶ 9, 723 N.W.2d 518). This Court "will not consider an argument that is not adequately articulated, supported, and briefed[.]" *Id.* (quoting *State v. Noack*, 2007 ND 82, ¶ 8, 732 N.W.2d 389).

[¶17] Thesing's appellant brief makes a single reference to his constitutional challenge as follows: "If this Court finds that the plain language does allow the charge, the statute should be found unconstitutionally vague." The brief fails to cite to any authority in support of the assertion or otherwise provide support for the challenge. The challenge is nothing more than a single, conclusory statement and naked assertion. Thus, the issue is waived.

VI

[¶18] Section 12.1-31.2-02, N.D.C.C., permits an individual to be charged for violating a pre-dispositional order when the alleged violation occurs while the individual is in custody. The argument that N.D.C.C. § 12.1-31.2-02 is unconstitutionally vague will not be considered because it was not adequately

articulated, supported, and briefed. The judgment of the district court is affirmed.

[¶19] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr