# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

―――――――――――――――――――

## 2025 ND 54

―――――――――――――――――――

State of North Dakota,                                    Plaintiff and Appellee

   v.

Trent Daniel Rolland,                                    Defendant and Appellant

―――――――――――――――――――

No. 20230313

―――――――――――――――――――

Appeal from the District Court of Sargent County, Southeast Judicial District, the Honorable Nicholas D. Thornton, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Jayne M. Pfau, State's Attorney, Forman, ND, for plaintiff and appellee.

Adam J. Justinger, Fargo, ND, for defendant and appellant.

**State v. Rolland**
**No. 20230313**

**Crothers, Justice.**

[¶1] Trent Rolland appealed from a criminal judgment entered after he conditionally pleaded guilty to gross sexual imposition, luring minors by computer, sexual assault, and contributing to the deprivation or delinquency of a minor. In *State v. Rolland*, 2024 ND 175, 11 N.W.3d 761, we retained jurisdiction and remanded the case for the district court to make additional findings concerning Rolland's fitness to proceed. The court found Rolland was unfit to proceed prior to entering his guilty plea. The court's finding is not clearly erroneous and consequently Rolland is entitled to withdraw his plea. The fact that Rolland was unfit to proceed does not by itself warrant dismissal of the case. The district court must determine whether Rolland will attain fitness to proceed in the future. The case is remanded to allow Rolland to withdraw his guilty plea and for the court to conduct additional proceedings consistent with this decision.

I

[¶2] The circumstances giving rise to this case are set out in *Rolland I*, 2024 ND 175, ¶ 2. The case initially was assigned to Judge Blumer. Rolland filed two motions to suppress evidence. The first related to statements he made during an interview with law enforcement. The second related to information law enforcement found after searching his smartphone. Rolland also moved to dismiss the case asserting he was not competent to proceed. The district court denied all three motions in a single order. The case was reassigned to Judge Thornton. Rolland filed a motion requesting the court reconsider the competency issue, which the court denied based on the law of the case doctrine. Rolland entered a conditional guilty plea. The court accepted Rolland's conditional plea and imposed a sentence that has been stayed pending this appeal.

[¶3] Rolland argued on appeal that the district court erred when it decided he was fit to proceed and when it denied his suppression motions. In *Rolland I*, we explained the district court's findings concerning Rolland's competency to stand trial were inadequate for appellate review. 2024 ND 175, ¶ 13. We explained,

"The preliminary issue of whether Rolland was fit to proceed must be decided before we can address whether he should be allowed to withdraw his guilty plea due to a constitutional violation." *Id.* ¶ 14. We remanded while retaining jurisdiction for "the district court to decide the preliminary issue of whether Rolland was fit to proceed before entering his conditional guilty plea." *Id.* ¶ 1. On remand, the court conducted a hearing and entered an order finding Rolland was unfit to proceed.

II

[¶4]   We provided the standard for determining whether a criminal defendant is fit to proceed in *Rolland I*:

> "The United States Supreme Court has summarized the test for determining if an accused is mentally competent to stand trial. A defendant is incompetent when he lacks (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. This test is essentially codified at section 12.1-04-04, N.D.C.C., which states: 'No person who, as a result of mental disease or defect, lacks capacity to understand the proceedings against the person or to assist in the person's own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures.'

> "The crux of being able to consult with a lawyer with a reasonable degree of rational understanding is being able to confer coherently with counsel and provide necessary and relevant information to formulate a defense. The prosecution must show by a preponderance of evidence that a defendant is competent to stand trial.

> "Whether a defendant is competent to stand trial is a question of fact for the district court, which finding is reviewed by this Court under our clearly erroneous standard. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to

2

support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made."

2024 ND 175, ¶¶ 11-12 (cleaned up).

[¶5] The district court conducted an additional competency hearing on remand. The court listened to the audio recording of the original competency hearing before Judge Blumer and also analyzed the psychological evaluations of the three doctors that examined Rolland. Two doctors opined Rolland had intellectual limitations hindering his ability to understand the proceedings against him. One doctor observed signs of malingering and opined Rolland was competent to proceed. The court decided the former opinions were more credible. The court noted that, when it accepted Rolland's plea, it did not have access to transcripts of the original competency hearing and was bound by the initial judge's competency decision under the law of the case doctrine. The court explained it otherwise likely would have made different findings and conclusions. Based on the existing record, the court found Rolland was not fit to proceed. The court diligently complied with our instructions on remand and made comprehensive findings that are supported by the evidence. We are not left with a definite and firm conviction a mistake was made. Therefore, the court's findings are not clearly erroneous.

[¶6] Section 12.1-04-08(2), N.D.C.C., applies when a defendant facing felony charges lacks fitness to proceed. It states that when a court-ordered examination report "indicates a likelihood the defendant will attain fitness within a specified period of time . . . the proceedings against the defendant must be suspended" for a period of time not exceeding 545 days. "When the court determines, after a hearing if a hearing is requested, that the defendant has regained fitness to proceed, the proceeding must be resumed." *Id.* However, if the court determines "that the defendant will not regain fitness to proceed within the allotted time, the charges against the defendant must be dismissed." *Id.*

[¶7] When Rolland filed his motion he argued his "fitness to proceed will not change within five hundred and forty five (545) days" and he was entitled to dismissal of the case. The State did not address the likelihood of Rolland attaining fitness presumably because it asserted he was already fit. Judge Blumer

3

also did not address the issue, and given the scope of our remand, the question was not before Judge Thornton. None of the expert reports discuss rehabilitation. Rolland's current competency is unknown based on the existing record. The statutory framework contemplates attempted rehabilitation of defendants facing felony charges. The conflicting psychological reports indicate Rolland's fitness is a close call and he may be able to attain fitness in the future if he has not already. We therefore remand the case to allow Rolland to withdraw his guilty plea. On remand the court and parties must follow the N.D.C.C. § 12.1-04-08 requirements concerning fitness to proceed, suspension of proceedings, and dismissal of charges.

## III

[¶8] The district court's order determining Rolland was unfit to proceed is affirmed. The case is remanded to allow Rolland to withdraw his guilty plea and for the court to conduct additional proceedings consistent with this decision.

[¶9]    Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

[¶10] The Honorable Chief Justice Jon J. Jensen recused himself after oral argument and did not participate in this decision.