# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 199

Jorge Alberto Velasquez,                             Petitioner and Appellant

v.

State of North Dakota,                             Respondent and Appellee

No. 20200043

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Per Curiam.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant; submitted on brief.

Reid A. Brady, Assistant State's Attorney, Fargo, ND, for respondent and appellee; submitted on brief.

# Velasquez v. State
## No. 20200043

**Per Curiam.**

[¶1] Jorge Alberto Velasquez appeals from a judgment denying his application for post-conviction relief following an evidentiary hearing. Velasquez argues the district court erred in denying his application for post-conviction relief because his trial counsel's conduct fell below an objective standard of reasonableness when trial counsel did not provide Velasquez paper discovery or review a video recording with him. The court found Velasquez's pleas were completely voluntary and his real reason for his application for post-conviction relief was that he was facing charges in federal court, and the conviction would enhance his sentence.

[¶2] We conclude the district court's findings are not clearly erroneous. Therefore, Velasquez failed the second prong of the *Strickland* test, which "is satisfied in the context of a guilty plea if the defendant shows 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lindsey v. State*, 2014 ND 174, ¶ 19, 852 N.W.2d 383 (quoting *Ernst v. State*, 2004 ND 152, ¶ 10, 683 N.W.2d 891). Courts need not address both prongs of the *Strickland* test if the matter can be resolved by addressing only one prong. *Rencountre v. State*, 2015 ND 62, ¶ 7, 860 N.W.2d 837 (citing *Osier v. State*, 2014 ND 41, ¶¶ 10-11, 843 N.W.2d 277). The court did not err in denying Velasquez's application for post-conviction relief, and we summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7).

[¶3]   Jon J. Jensen, C.J.
       Lisa Fair McEvers
       Jerod E. Tufte
       Gerald W. VandeWalle
       Daniel J. Crothers

1